GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY                    1397-0
    jlacy@goodsill.com
RANDOLF L.M. BALDEMOR    7421-0
    rbaldemor@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER,<br><br>    Plaintiff,<br><br>vs.<br><br>MATSON NAVIGATION COMPANY, INC.; and PACIFIC LIVESTOCK, INC.,<br><br>    Defendants. | CIVIL NO. 1:04cv-00049 JMS-BMK (In Admiralty)<br><br>DEFENDANT MATSON NAVIGATION COMPANY, INC.'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT; DECLARATION OF JOHN ROBINETTE; EXHIBIT "1"; DECLARATION OF RANDOLF L.M. BALDEMOR; EXHIBITS "A"- "H" ; CERTIFICATE OF SERVICE<br><br>Non-Jury Trial: June 14, 2006<br>Judge: Hon. Michael Seabright |

1157558.1

### DEFENDANT MATSON NAVIGATION COMPANY, INC.'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, DEFENDANT MATSON NAVIGATION COMPANY, INC. (hereinafter referred to as "Matson Navigation") hereby submits its Separate and Concise Statement of Facts in Support of Motion for Summary Judgment, filed concurrently herewith.

| MATERIAL FACTS | FACTUAL SUPPORT |
|---|---|
| 1. Matson Navigation is the owner of the vessel, *S/S Lihue*. | Declaration of John Robinette, attached hereto, (hereinafter "Robinette Decl."), at ¶__. |
| 2. On October 1, 2002, the lighting on the *S/S Lihue* was adequate to see the padeye in question and any dangers associated therewith. | Deposition of Bert Meyer, taken on August 31, 2004, attached as Exhibit D to Declaration of Randolf L.M. Baldemor ("Baldemor Decl."), at pp. 57:8-23; 42:8-10); 42:25-43:2); 51:4-13); 53:7-9); 53:10-11); 83:19-22. |
| 3. It is common for container vessels that have expanded metal catwalks to have a gap between the hatch cover and the catwalk to give the crane driver some leeway in landing the very heavy and awkward hatch covers into place. | Expert Report of Captain John Lawrence Bergin, attached as Exhibit E to Baldemor Decl., at p. 3. |

| MATERIAL FACTS | FACTUAL SUPPORT |
|---|---|
| 4. Matson Navigation had no knowledge of safety concerns regarding the space between the hatch covers and the catwalks. | Deposition of Paul Londynsky, attached as Exhibit "F" to Baldemor Decl., at pp. 22:21-23:5; 30:2-18.; Deposition of Henry A. Olson, P.E., attached as Exhibit G to Baldemor Decl., at p. 27:11-16. |
| 5. A vessel safety inspection was performed by Matson Terminals, Inc. and Matson Navigation prior to cargo operations, and no safety hazards were noted. | Vessel Safety Inspection Report, attached as Exh. 1 attached to Robinette Decl. |
| 6. Plaintiff Bert Meyer ("Meyer") had prior experience of the vessel and that it carried livestock aboard. | Exh. D, at p. 20:2-5. |
| 7. Meyer had prior knowledge pigs were shipped aboard the vessel. | Exh. D, at pp. 21:15-22:3. |
| 8. Meyer knew animal feces was present on the deck prior to beginning his work. | Exh. D, at pp. 54:5-22; 58:1-9; 76:3-77:4; 78:14-17; . |
| 9. Despite Meyer's knowledge of animal feces and urine in the area of the accident, he concedes that he did not ask the animal tender to clean the area. | Exh. D, at p. 58:8-9. |
| 10. Meyer also knew that he could slip on animal feces that was present on the deck. | Exh. D, at pp. 60:1-5; 60:10-12; 78:18-79:9. |
| 11. Prior to slipping on the padeye, Meyer already knew that it was not safe for him to use the padeye for leverage. | Exh. D, at pp. 85:17-86:9. |

| MATERIAL FACTS | FACTUAL SUPPORT |
|---|---|
| 12. Meyer had prior knowledge of an opening on the hatch cover in question. | Exh. D, at p. 81:18-25. |

DATED: Honolulu, Hawaii, January 9, 2006.

/s/ Randolf L.M. Baldemor
JOHN R. LACY
RANDOLF L.M. BALDEMOR

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.