PRESTON EASLEY, ESQ./Cal State Bar No. 108347
LAW OFFICES OF PRESTON EASLEY
2500 Via Cabrillo Marina, Suite 106
San Pedro, California 90731-7724
Telephone: (310) 832-5315
Facsimile: (310) 832-7730

ATTORNEY FOR: Plaintiff
BERT MEYER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BERT MEYER, ) | Civil No.: CV 04 00049 HG-BMK |
| ) | (In Admiralty) |
| Plaintiff, ) | |
| ) | PLAINTIFF'S RESPONSE TO |
| v. ) | DEFENDANT MATSON NAVIGATION |
| ) | CO., INC.'S FIRST REQUEST FOR |
| MATSON NAVIGATION ) | ANSWERS TO INTERROGATORIES |
| COMPANY, INC., ) | AND PRODUCTION OF DOCUMENTS |
| ) | |
| Defendant. ) | |

PROPOUNDING PARTY:   Defendant MATSON NAVIGATION CO., INC.

RESPONDING PARTY:   Plaintiff BERT MEYER

SET NO.:   ONE

1. State your date of birth, birthplace, social security number, and your full name including all other names you have used in the past, and the period(s) which you were known by each name, your present residence address, all past residence addresses during the last 10 years, the dates you lived at each address, and the name(s) of all person(s) residing with you at each address.

1

EXHIBIT "D"

**RESPONSE TO NO. 1:**

Bert Wayne Meyer. DOB 4-7-67 in Ewa. Current address is 91-1023 Lipo St., Kapolei, HI 96707. I have lived here from 1995 to the present. My wife, Laurie Ann Meyer, my sons Beau William Meyer and Benjamin Wade Meyer, and my daughter Lainie Ann Faith Meyer, live at the same address. Prior to this address I lived alone at 94-1203A Waipahu St., Waipahu, HI 96797 from 1991-1995.

2. If you are married or have ever been married, state the name and address of each spouse (including maiden name, if applicable), the date and place of each marriage, and date and manner of termination of prior marriage(s).

**RESPONSE TO NO. 2:**

I am married to Laurie An (Battad) Meyer. She lives with me at 91-1023 Lipo St. We were married at Resurrection of the Lord Catholic Church in Waipio Gentry on 11-25-95.

3. With regard to your formal education, state the name and location of each grammar school, high school, college or university, or any other type of school you have attended, the years of attendance, and the degree or diploma received, if any.

**RESPONSE TO NO. 3:**

I attended Ewa Beach Elementary in Ewa Beach, HI for kindergarten through 6th grade. From there, I attended Ilima Intermediate for 7th and 8th grade, also in Ewa Beach. I went to high school from 9 – 12 grades at Pearl City High School in Pearl City, HI and received my GED.

4. If you or anyone on your behalf have ever made any claim (including, but not limited to, claims for workers compensation benefits, no-fault benefits, uninsured motorist benefits and disability insurance benefits) against any person or organization for damages resulting from personal injury, for each claim state the date and amount of each claim, name and

address of each person or organization to whom you made each claim, and description of each injury or disability sustained.

**RESPONSE TO NO. 4:**

I filed a workers' compensation claim against Generators Hawaii, 1626 Silva St., Honolulu, HI 96819 for carpal tunnel syndrome from 1997-1999. The case is still open and pending. In 1991 I was in an auto accident and I filed a claim for no-fault insurance.

5. If you have ever been involved in any legal proceedings other than the present lawsuit, state the year each legal proceeding commenced, the civil number, the court in which each legal proceeding was filed, and a description of the type of relief sought (by you or against you) in each proceeding.

**RESPONSE TO NO. 5:**

I am currently still involved with in a workers' compensation case with Generators Hawaii Corp. for problems with my carpal tunnel syndrome.

6. If you have at any time either before or after the occurrence described in your Complaint been involved in any other accident, for each accident state the date and place of each accident, full name and address of every other person involved, a description of the accident, and any injuries received by you.

**RESPONSE TO NO. 6:**

| Year | Description |
|---|---|
| 1996 | Right forearm fracture from skateboard accident |
| 1983 | Right elbow laceration – football injury |
| 1984 | Chin laceration – football injury |
| 1986 | Left wrist laceration |
| 1988 | Right fibula fracture – touch football; open reduction and internal fixation |

3

| | |
|---|---|
| 1991 | Neck injury – auto injury |
| 1991 | Forehead laceration – beach accident |
| 1993 | Anterior cervical disectomies and fusions of C4-5; C5-6; and C6-7 (neck) |
| 1995 | Left elbow abrasion, fracture dislocation of left thumb, sprained right wrist – motorcycle fall while kickstarting bike |
| 1996 | Right wrist and elbow injury – fell off a generator at work |
| 1997 | Strained lower back – lifting heavy generators |
| 1998 | Carpal tunnel syndrome – decompression of the right median nerve at right carpal tunnel; transposition of the right ulnar nerve at right elbow |
| 1999 | Fracture dislocation of the left shoulder – fell on forearm and dislocated shoulder at Matson |

7. State the full name and complete address of each hospital or other institution, doctor, psychiatrist, psychologist, chiropractor, osteopath, naturopath, acupuncturist, masseuse, physical therapist, or any other practitioner of the healing arts by whom you were examined, treated or whom you consulted <u>at any time</u> for any purpose (excluding treatment for minor illnesses such as colds or flu which did not result in complications), and for each person or facility listed, state each disorder or condition for which you were hospitalized, treated or examined and the approximate year.

**RESPONSE TO NO. 7:**

Steven A. Kaneshiro, M.D.
Pacific Orthopaedics & Sports Medicine, Inc.
321 N. Kuakini St., #309
Honolulu, HI 96817

REHAB Outpatient Services
226 N. Kuakini Street
Honolulu, HI 96817

4

Thomas J. Kane, III, M.D.
The Queen's Physician Office Building 1
1380 Lusitana Street, Suite 608
Honolulu, HI 96813

Rehab at St. Francis West
Clinical Service Center
91-2135 Fort Weaver Rd., Suite 150
Ewa Beach, HI 96706

Deborah A. Agles, M.D.
Occupational Medicine
P.O. Box 700519
Kapolei, HI 96709

The Queen's Medical Center
11301 Punchbowl Street
Honolulu, HI 96813

8. Fully describe each and every injury including any permanent injury, permanent scarring or other external deformity or any disability which you feel you sustained as a result of the occurrence. State whether you currently receive treatment for any injury that you feel you sustained as a result of the occurrence. If you are not currently receiving treatment, state the last date of treatment and why treatment was discontinued.

**RESPONSE TO NO. 8:**

I have four 1" scars on my left hip from my surgery. They operated on my hip on October 16, 2003, and scoped it, removing damaged muscle and cartilage from the area. I am currently receiving therapy from Rehabilitation of the Pacific.

9. If you claim the occurrence aggravated, accelerated, activated or irritated any preexisting physical, nervous or mental condition, describe the nature and extent of each condition.

**RESPONSE TO NO. 9:**

Not applicable.

5

10. Identify each alcoholic beverage, pill, medication, or drug you consumed, the amount or number of same, and the location where each item was used or consumed during the 24 hours preceding the occurrence.

**RESPONSE TO NO. 10:**

None.

11. Describe accurately and fully in your own words exactly what occurred in the ten minutes prior to the occurrence, what occurred during the occurrence, and what occurred during the ten minutes after the occurrence including anything said by you or to you.

**RESPONSE TO NO. 11:**

I was unlashing cones with a pole between rows 15 and 16. My left foot was on the catwalk and my right foot was on a padeye on the hatch lid. My right foot slipped and I lost my balance and fell. My left leg went into the gap between the catwalk and the hatch lid and I was stuck. I was yelling for help for awhile, then Danny Kaneala helped me get out of the gap.

12. If you claim that you were injured as a result of the negligence of the defendants, state each and every fact upon which you base that contention.

**RESPONSE TO NO. 12:**

The whole area was covered in pig urine and feces so it made it real slippery. Also, there should have been a guardrail or cover to prevent me from falling into the gap between the catwalk and the hatch cover.

13. If you claim that you were injured as a result of the unseaworthiness of the vessel, state each and every fact upon which you base that contention.

**RESPONSE TO NO. 13:**

I am not making a claim for unseaworthiness.

14. If you claim that you were a seaman at the time you were injured and are seeking compensation or damages under the provisions of the Jones Act, state each and every fact upon which you base the contention that you were a seaman.

**RESPONSE TO NO. 14:**

I do not claim that I was a seaman.

15. If you claim that you were a longshoreman at the time you were injured and are seeking compensation or damages under the provisions of the Longshore and Harbor Workers' Compensation Act (LHWCA"), state each and every fact upon which you base the contention that you were a longshoreman.

**RESPONSE TO NO. 15:**

I was employed as a longshoreman by McCabe, Hamilton & Renny Co., Ltd. Longshoreman was my job title.

16. Itemize all medical and other expenses you claim resulted from or are directly chargeable to the occurrence (including the amount of each charge, name of person or organization where each expense was incurred, and inclusive dates expenses were incurred).

**RESPONSE TO NO. 16:**

Unknown. This information is in the possession of Frank Gates Acclaim, Inc.

17. If you are making a claim for unpaid cure-related medical expenses, state the name and location of the treatment provider, the treatment rendered, the cost of treatment and the date and manner in which a demand was made upon defendants to pay the expense(s).

**RESPONSE TO NO. 17:**

I am not making a claim for cure.

18. Describe your complete employment history up to the present date (including each employer's full name and address, type of business, full or part-time, rate of pay, inclusive dates of employment and reason for termination).

**RESPONSE TO NO. 18:**

1997 – present: McCabe, Hamilton & Renny, 1130 Nimitz Hwy., Ste. A265, Honolulu, HI 96818. Presently serving as a laborer. Major duties include everything from conventional lifts to rigging and autos, all the duties of a basic stevedore.

July, 1991-September, 1998: Generators Hawaii Corp., 1616 Silva St., Honolulu, HI 96818. Employed as a generator technician. I was first hired as a shop mechanic and progressed to a generator technician, maintaining and repairing standby emergency generators.

April, 1985-May, 1991: Town & Country Glass, 660 Ahua St., Honolulu, HI 96818. I was employed as a shop and field foreman. I started as a glazer apprentice and progressed to a shop foreman. Duties included estimating and setting up jobs.

19. For each of the five full tax years preceding the occurrence, the year of the occurrence, and for each full tax year since the occurrence, state the following information with regard to your federal income tax returns:

**RESPONSE TO NO. 19:**

Tax return amounts:

| | |
|---|---|
| 1995 | $19,600.00 (Generator's Hawaii) |
| 1996 | $20,800.00 (G.H.) |
| 1997 | $15,670.00 (G.H.) + $7,660.00 (McCabe) |
| 1998 | $9,864.00 (G.H.) + $10,534.00 (McCabe) |
| 1999 | $18,335.00 (McCabe) |
| 2000 | $506.00 (McCabe: I was out most of the year due to my injury) |

2001        $46,022.00 (McCabe)

2002        $83,439.00 (McCabe)

2003        $32,363.00 (McCabe)

20. For the current taxable year, January to the last full month prior to the date of these answers, state the amount of income you have received from wages, and the profit or loss (if any) to you from any business or profession.

**RESPONSE TO NO. 20:**

I have had no income this year.

If you kept any diary or any other written record of any matters for which you seek damages in this action, describe such diary and/or written record in detail, state the present whereabouts thereof, and give the name and address of the person or organization having control of the diary or record.

**RESPONSE TO NO. 21:**

There is no diary.

22. If you are making a claim for any loss of wages, earnings, or income including unearned wages as a result of this occurrence, state the name of the person or organization who would have paid you, the amount of each loss with an explanation of how loss is computed, the inclusive dates payment would have been made, and whether you will incur future lost wages, earnings, or income.

**RESPONSE TO NO. 22:**

I would have been paid by McCabe, Hamilton & Renny Co., Ltd. My average weekly wage is $2,065.16. I was off work from 10-2-02 through 5-23-03 (33 3/7 weeks) and from 9-12-03 to the present (37 weeks). I have now been off work for 70 3/7 weeks and lost $145,455.08 in wages (70 3/7 X $2,065.16).

23. If you are making a claim for unpaid maintenance, state the dates that you were unable to work and the name of the physician that declared you unable to work. Additionally, state the location and address where you resided during that time period(s) and the name(s) of any individual(s) with whom you resided.

**RESPONSE TO NO. 23:**

I am not making a claim for unpaid maintenance.

24. If you, or anyone acting on your behalf (including your attorney, private investigators, friends, acquaintances and insurance adjusters) have made or received oral or written statement(s) or report(s) or given any other notice of the occurrence to any person or organization, describe the content of each statement and/or report.

**RESPONSE TO NO. 24:**

I gave a tape recorded statement to Frank Gates Acclaim, Inc.

25. If you, your attorney or anyone acting on your behalf have any pictorial or other physical evidence which in any manner substantiates any of your claims asserted in this lawsuit (including but not limited to photographs, motion pictures, maps, drawing, diagrams, measurements, surveys), describe each item in detail and state the date each item was taken and/or made.

**RESPONSE TO NO. 25:**

I took three photographs of the accident site in 2003.

26. State the full name, address, age, occupation and place of employment of all eyewitnesses to the occurrence and/or all persons having knowledge of any relevant facts pertaining to the occurrence.

**RESPONSE TO NO. 26:**

Danny (Matson Terminals, Inc.)

27. For any experts, including but not limited to all medical doctors, whom you expect to call upon to testify at trial, state the name, address, and field of expertise of each expert, the subject matter of each expert's testimony, the substance of the facts and opinions to which each expert will testify, a summary of the grounds for each opinion, and whether any such expert has prepared any written report regarding any matter involved in this lawsuit.

**RESPONSE TO NO. 27:**

Thomas Kane, M.D. – my treating physician (orthopaedic surgeon)

Capt. Robert E. Riley – maritime safety expert

Dr. Kane's testimony will be consistent with his reports. Capt. Riley has not prepared a report yet.

28. If you, your attorney, or anyone acting on your behalf have knowledge of any examinations, inspections, tests, experiments or other studies made by any person, other than any medical doctors, for the purpose of arriving at a conclusion or an opinion on any questions involved or purported to be involved in this action, state the nature of each examination, inspection, test, experiment or other study, the date(s) when such was made, the name and business address of the person making same, and the name of the person or organization in possession of any written conclusion or opinion.

**RESPONSE TO NO. 28:**

None.

Dated: May 18, 2004

PRESTON EASLEY
Attorney for Plaintiff
BERT MEYER

11

## VERIFICATION

BERT MEYER v. MATSON NAVIGATION COMPANY, INC.

STATE OF HAWAII )
) SS.
CITY & COUNTY OF HONOLULU )

I am the __Plaintiff__

in the above entitled action or proceeding; I have read the foregoing __Plaintiff's Response to Defendant Matson Navigation Co., Inc.'s First REquest for Answers to Interrogatories and Production of Documents__ and know the contents thereof; and I certify that the same is true of my own knowledge,

except as to those matters which are therein stated upon my information or belief, and as

to those matters I believe it to be true.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on __May 21, 2004__ at __Kapoalei__, Hawaii
 (date) (place)

_____
Signature
BERT MEYER