GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY               1397-0
    jlacy@goodsill.com
RANDOLF L. M. BALDEMOR    7421-0
    rbaldemor@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER,<br><br>         Plaintiff,<br><br>vs.<br><br>MATSON NAVIGATION COMPANY, INC.,<br><br>         Defendant. | CIVIL NO. 04-00049 HG/BMK<br>(In Admiralty)<br><br>DEFENDANT MATSON NAVIGATION COMPANY, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MATSON NAVIGATION COMPANY, INC., SET NO. TWO |

DEFENDANT MATSON NAVIGATION COMPANY,
INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT MATSON NAVIGATION
COMPANY, INC., SET NO. TWO

846207.1

EXH 2

Defendant Matson Navigation Company, Inc. ("Defendant"), by and through its attorneys, Goodsill Anderson Quinn & Stifel, LLP, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff Bert Meyer's Request for Production of Documents to Defendant Matson Navigation Company, Inc., Set No. Two:

## GENERAL RESPONSE AND OBJECTIONS

1. Defendant objects to Plaintiff's request to the extent that it seeks to impose burdens or obligations greater than the requirements of Rules 26 and 33 of the Federal Rules of Civil Procedure.

2. Defendants objects to the definitions and instructions supplied by Plaintiff with regard to the request to the extent that the definitions and instructions are overbroad, burdensome, vague, and often inconsistent with the normal usage and meaning of such words, invade privileged matters, and constitute an improper and unreasonable expansion of the interrogatories themselves.

3. Defendant therefore gives notice that it does not consider itself bound by the definitions and instructions propounded by Plaintiff and instead shall answer the request in a manner consistent with the normal understanding of the language used in the answer and to the extent necessary to fairly, properly, and

fully answer the request in accordance with the Federal Rules of Civil Procedure and in proper protection of privileged matters.

4. Defendant objects to each request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product privilege or any other applicable privilege, and/or that it seeks the mental impressions, conclusions, opinions or legal theories of one or more attorneys for Defendants or the representatives of such attorneys, or documents containing the same. Defendant reserves the right to withhold privileged information, documents and materials. Based upon the attorney-client privilege and the attorney work product doctrine, Defendant specifically object further to requests which seek to require Defendant's attorneys to review documents and to select for plaintiff's counsel those relating to a particular defense of, or a contention or allegation by Defendant.

5. Defendant objects to each request to the extent that it seeks to invade confidential or proprietary business information of a competitive or sensitive nature or trade secrets.

6. Defendant objects to each request to the extent that it seeks information which is as easily available to Plaintiff as to Defendant.

7. Defendant objects to each request to the extent that it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to each request to the extent that it is overbroad, unduly burdensome, duplicative, oppressive, vague, unintelligible and/or ambiguous. Without waiving said objection, Defendant will endeavor to provide such information as it can, although the information provided cannot be deemed all-inclusive. Other facts or witnesses not thought of may also bear upon the contentions and defenses at issue.

Defendant's statement that responsive documents will be produced shall not be construed as an admission or acknowledgement that the related request is proper, that the information it seeks is within the proper bounds of discovery or that future requests for similar information will be treated in a similar fashion. Furthermore, Defendant's statement that responsive documents will be produced does not constitute a representation that such documents exist, but only that a search for such documents will be made of the likely repositories of such documents. Because all responsive documents may not yet have been located and/or identified, Defendant reserves the right to assert additional objections to

production as appropriate.

To the extent that the requested documents fall outside the above-listed objections, Defendant will produce said documents at GOODSILL, ANDERSON, QUINN & STIFEL, LLP at a time and date mutually convenient to the parties or will copy said documents subject to a mutually agreeable arrangement.

/

/

/

/

/

/

/

/

/

/

/

/

## DOCUMENTS TO BE PRODUCED

9. Minutes of all safety meetings on S/S Lihue for the year 2002.

   **Objection:** Defendant objects on the grounds that the request seeks information that is not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects to the extent the information requested constitutes subsequent remedial measures.

   Answer:

   See attached documents.

10. All Chief Mate's Cargo Letters for S/S Lihue for the year 2002.

    **Objection:** Defendant objects on the grounds that the request seeks information that is not relevant or likely to lead to the discovery of admissible evidence.

    Answer:

    See attached documents.

DATED: Honolulu, Hawaii, November 22, 2004.

JOHN R. LACY
RANDOLF L. M. BALDEMOR

Attorneys for Defendant
MATSON NAVIGATION CO., INC.

6

<u>HONOLULU – Berth 53</u>

**January 16, 2002**

| | |
|---|---|
| First Line:   1742 – 01/16 | Last Load:     2350 – 01/18 |
| All Fast:     1806 – 01/16 | Gantry Clear: 2355 – 01/18 |
| Start Cargo: 1909 – 01/16 | Last Line:     0049 – 01/19 |

Sailing Board set at 1400 – 01/18 for 2300 – 01/18 sail for Oakland.

<u>Cargo:</u>   Sailed with:   840 containers / 7,159 L/T / 55 reefers

<u>Plan Errors and Omissions:</u> 1 Reefer van, & 2 empties mis-stowed

<u>Hazardous Cargo Discrepancies:</u>   2 haz. Containers mis-stowed

<u>Cargo Associated Maintenance:</u>   None

<u>Twist-Lock Inventory & Lashings:</u>     C5AM's
- In Use — 2124
- In Gear Box — 785
- On deck — 125
- Total — 3034
- Vessel Standard — 3026
- Variance — +8

<u>Unplanned Cargo Overtime Costs:</u>   None

<u>Reefers Pre-Tripped:</u>   None

<u>Supervisors:</u> **Mates:**   T.Reinholdt, C.Campbell
**PROs:**    P. Calvin, R. Rosenau
**Shore:**   D. Choy, K.Ahyuen, J. Panee

**Comments:** Livestock carriage is still a problem. We **have** managed to get the correct containers in the correct positions. Livestock tenders do not have enough hoses for watering the stock and washing down the area. The cowboys are ill equipped and ill prepared for a sea crossing. One of our cowboys was seasick most of the time and the livestock was neglected for too long. The mess this creates is a health hazard for the livestock and a sanitary hazard for the entire crew. This is unacceptable. Most of the stocktender's time is spent watching videos or sleeping. **Do not send me another seasick cowboy.** Also, lashers are turning off reefer vans again. NCR was written last summer on this subject. Dale Hazelhurst is fully informed.

Respectfully,

*[signature]*

H.G. Walsh, Chief Mate
S/S LIHUE

D  279