IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MATSON NAVIGATION COMPANY, INC.; and PACIFIC LIVESTOCK, INC.,<br><br>　　　　Defendants. | Civil No.: CV04 00049 HG-BMK<br>(In Admiralty)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

On January 27, 2004, Bert Meyer (hereinafter "Plaintiff"), filed a Complaint against Matson Navigation Company, Inc. (hereinafter "Navigation"), under CV 04 00049 JMS/BMK.  On May 25, 2005, Plaintiff filed a Second Amended Complaint adding Pacific Livestock, Inc. (hereinafter "PLI").  On September 23, 2005, PLI answered the Second Amended Complaint and served a Cross-Claim against Navigation.  On January 11, 2006, Plaintiff, Navigation, PLI and Matson Terminals, Inc. (hereinafter "Terminals") engaged in mediation in San Francisco.  These parties intend to continue with mediation on April 21, 2006.  *See*

Affidavit of Thomas E. Irons at paragraph 2. Trial is scheduled for June 14, 2006.

The Second Amended Complaint alleges damages as a result of a slip and fall accident which occurred on October 1, 2002 aboard the s/s Lihue, a vessel allegedly owned by Navigation. Plaintiff alleges Navigation is legally responsibly for the resulting injuries because it created a dangerous work environment by failing to provide a guardrail or cover or other fall protection for the area from which Plaintiff fell and allowing animal waste to exist in and around the area of the fall prior to the start of cargo operations. Plaintiff alleges PLI is also legally responsible for the resulting injuries by failing to ensure animal waste was cleared prior to the start of cargo operations.

Terminals is a wholly owned subsidiary of Navigation. *See* excerpts of the condensed deposition transcript of Paul A. Londynsky at pages 19-20, attached as Exhibit "A" to the Irons Affidavit. Certain employees of Terminals have a duty to report to

employees of Navigation. *Id.* at 7. Certain employees of Navigation have job duties to Terminals a visa versa. *See* excerpts of the condensed deposition transcript of Keahi Birch at pages 23-25, attached as Exhibit "B" to the Irons Affidavit.

Daniel Farney ("Farney") was employed by Terminals as a superintendent at the time of Plaintiff's accident and was Plaintiff's supervisor. Farney recalls seeing Plaintiff immediately after the alleged accident. *See* excerpts of the condensed deposition transcript of Farney at pages 5 to 7, attached as Exhibit "C" to the Irons Affidavit. Plaintiff has stated that on the night of the accident and prior thereto, he complained about the presence of animal feces to Farney, his supervisor, and that Farney helped Plaintiff out of the hole/gap into which he had fallen. *See* excerpts of the condensed deposition transcripts of Bert Meyer at pages 55 to 56 and page 15, attached as Exhibit "D" to the Irons Affidavit.

On January 9, 2006, Navigation filed a motion for summary judgment. Plaintiff has filed a Declaration

as part of his opposition to the motion.  Attached to the Declaration is a copy of the transcript of a recorded statement by Plaintiff.  In that statement, Plaintiff indicated he did not see the area into which he fell because he could not see anything.  *See* excerpts of the transcript of Plaintiff's recorded statement at pages 13 and 23-24, attached as Exhibit "E" to the Irons Affidavit.

Prior to cargo operations, a vessel representative from Navigation and a Terminals stevedore superintendent perform an inspection of the vessel and document said inspection on a form of checklist.  *See* excerpts of the condensed deposition transcripts of Keahi Birch at pages 28-29, attached as Exhibit "F" to the Irons Affidavit.  The pre-cargo operations inspection report conducted on the day of Plaintiff's alleged accident fails to note the existence of any hazardous conditions.  *See* Exhibit "G" to the Irons Affidavit.

PLI seeks leave to file a Third-Party Complaint against Terminals, in the form attached hereto as Exhibit "H".

F.R.C.P. Rule 14(a) provides that a defendant may bring in a third party:

> "At any time after the commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff..."

Rule 14 is designed to permit claims against parties or other persons who may be liable to them which arise out of the same factual situation and thereby avoid multiple and unnecessarily duplicative litigation. Here, Terminals is or may be liable to Plaintiff and PLI for Plaintiff's alleged damages. Terminals pre-cargo inspection failed to note or correct the hazards of which Plaintiff complains. Farney was allegedly told of the alleged hazards, which were ignored. Illumination in the work area may have been inadequate. In short, Terminals should have

corrected or otherwise addressed the alleged hazards prior to the commencement of work by Plaintiff.

DATED: Honolulu, Hawaii, JAN 3 0 2006 .

---

ROY F. HUGHES
THOMAS E. IRONS
Attorneys for Defendant
PACIFIC LIVESTOCK, INC.