# DEPOSITION OF DANIEL FARNEY TAKEN 08/11/04

*Page 1 to Page 23*

CONDENSED TRANSCRIPT AND CONCORDANCE
PREPARED BY:

# RALPH ROSENBERG COURT REPORTERS, INC.
1001 Bishop Street
2460 Pacific Tower
Honolulu, HI 96813
Phone: (808) 524-2090
FAX: (808) 524-2596

EXHIBIT C

## Page 1

(1) IN THE UNITED STATES DISTRICT COURT
(2) FOR THE DISTRICT OF HAWAII
(3)
(4) BERT MEYER,    ) Civil No.: CV 04 00049 HG-BMK
    )
(5) Plaintiff, )
    )
(6) vs.    )
    )
(7) MATSON NAVIGATION    )
    COMPANY, INC.,    )
(8)    )
    Defendant. )
(9) _____)
(10)
(11)    DEPOSITION OF DANIEL FARNEY
(12) Taken on behalf of the Plaintiff BERT MEYER, at the
(13) law offices of Goodsill, Anderson, Quinn & Stifel,
(14) 1099 Alakea Street, 1800 Ali'i Place, Honolulu,
(15) Hawaii 96813, commencing at 3:10 p.m., on Wednesday,
(16) August 11, 2004, pursuant to Notice.
(17)
(18)    BEFORE: MYRLA R. SEGAWA, CSR No. 397
(19)    Notary Public, State of Hawaii

## Page 2

(1) **APPEARANCES:**
(2) For Defendant MATSON NAVIGATION COMPANY, INC.:
(3)    JOHN R. LACY, ESQ.
    Goodsill, Anderson, Quinn
(4)    & Stifel
    1800 Alii Place
(5)    1099 Alakea Street
    Honolulu, Hawaii 96813
(6)
(7)
(8) For Plaintiff BERT MEYER:
(9)    PRESTON EASLEY, ESQ.
    Law Offices of Preston Easley
(10)    2500 Via Cabrillo Marina, Suite 106
    San Pedro, California 90731-7724
(11)
(12)
(13) Also present: BERT MEYER

## Page 3

(1)    INDEX
(2)
(3) EXAMINATION BY:    PAGE
(4)    MR. EASLEY.....................4
(5)
(6)
(7) EXHIBITS MARKED FOR IDENTIFICATION    PAGE
(8) 1    Colored photograph    9
(9) 2    Colored photograph    10
(10) 3    Accident report    12

## Page 4

(1)    (Disclosure presented to all counsel.)
(2)    DANIEL FARNEY,
(3) called as a witness by and on behalf of the
(4) Plaintiff, having been first duly sworn to tell the
(5) truth, the whole truth and nothing but the truth, was
(6) examined and testified as follows:
(7)    EXAMINATION
(8) BY MR. EASLEY:
(9)    Q    Would you state your name for the record,
(10) please.
(11)    A    Daniel Farney. Spelling of the last name
(12) F-A-R-N-E-Y.
(13)    Q    Okay. Mr. Farney, I take it you've had
(14) your deposition before. I have a feeling that you're
(15) probably familiar with the procedure by now. Is it
(16) okay with you if I waive the opening admonitions?
(17)    A    Yes, it is.
(18)    Q    My name is Preston Easley. I'm an
(19) attorney. I represent Bert Meyer, a longshoreman, in
(20) a lawsuit against Matson Navigation Company with
(21) regard to an accident that happened on the Lihue on
(22) October 1 of 2002, and I'm going to ask you some
(23) questions here today as part of that lawsuit.
(24)    A    Okay.
(25)    Q    All right. What is your current home

### Page 5

(1) address?
(2) A  6249 Kawaihae Place, K-A-W-A-I-H-A-E,
(3) Place. It's here in Honolulu, 96825.
(4) Q  6249. I instinctively started putting
(5) dashes in it because everybody else's address has a
(6) dash in it; so I'm a little behind on the writing.
(7) Your phone?
(8) A  Area code (808)395-2577.
(9) Q  I take it that you're a superintendent at
(10) Matson Terminals?
(11) A  Yes, I am.
(12) Q  And I assume that was your job title and
(13) your employer at the time of the accident?
(14) A  Yes, it was.
(15) Q  Okay. Tell me once again how long have you
(16) been a superintendent there?
(17) A  It's been about four years now, August of
(18) 2000.
(19) Q  Okay. And do you have some recollection of
(20) the day that Mr. Meyer got hurt?
(21) A  Very, very little.
(22) Q  Do you remember whether it was a day shift,
(23) night shift?
(24) A  As I recall, it was night shift.
(25) Q  Night shift. Do you know what time you

### Page 6

(1) started working?
(2) A  I do not.
(3) Q  What are the normal hours of night shift?
(4) A  The normal hours of night shift is
(5) 6:00 o'clock at night to roughly 5:00 o'clock in the
(6) morning with a one-hour lunch thereabouts.
(7) Q  Okay. Were you assigned to the Lihue that
(8) night?
(9) A  I have no recollection of where I was
(10) assigned that night. I apologize.
(11) Q  Do you have some recollection of seeing
(12) Bert Meyer trapped between a catwalk and a hatch lid?
(13) A  I do recall that.
(14)     MR. LACY:  I'm sorry. Let me just
(15) object to some of his questions. Let me object to
(16) the question as vague and ambiguous.
(17)     MR. EASLEY:  These are softball
(18) questions.
(19)     MR. LACY:  I'm objecting to the term
(20) "trapped."
(21) BY MR. EASLEY:
(22) Q  I just can't think of a better word for it,
(23) caught, wedged, whatever. Take your pick of what
(24) word that best suits it. Do you have a recollection
(25) of what ship that was on?

### Page 7

(1) A  No, not off the top of my head.
(2) Q  Okay. All right. Do you know what your
(3) relationship to Mr. Meyer was that night?
(4) A  In a general sense I was supervisor and he
(5) was a stevedore.
(6) Q  Okay. Had you had any contact with him on
(7) that shift before the accident?
(8) A  Not that I recall.
(9) Q  Okay. Do you know what his job was that
(10) night?
(11) A  Not with any great -- other than
(12) speculation. I could speculate what his job was, but
(13) I don't know precisely what his job was. I don't
(14) have a recollection of that.
(15) Q  Okay. How did you find out he was having
(16) some kind of a problem that night?
(17) A  As I recall, I was walking from the forward
(18) of the ship to the aft of the ship on the inshore
(19) side, and I came upon him with his leg down, pointing
(20) straight down and one leg, I believe, was behind him
(21) so kind of like a straddling position.
(22) Q  Okay.
(23) A  This doesn't help, does it?
(24) Q  No, it does. I understand. I mean, you're
(25) showing with your fingers one leg was in a vertical

### Page 8

(1) position, and one leg was in the horizontal position?
(2) A  Exactly, yes, precisely.
(3) Q  Okay. I know this is going to be a hard
(4) one. Any idea which leg was going down?
(5) A  No, I'm sorry. I don't recall that.
(6) Q  Okay. And do you know why you were on the
(7) ship at that moment?
(8) A  Again, I could speculate as to what my role
(9) is on that ship.
(10) Q  I tell you what. We'll ask you not to
(11) speculate because what will happen you start guessing
(12) and then we're all going attach our program under
(13) these guesses.
(14) A  You bet. Right.
(15) Q  And the house of cards will come down later
(16) on. Just tell me what you actually remember and then
(17) things you don't remember, we have to find out some
(18) other way.
(19) A  Fair enough.
(20) Q  Okay. And what deck were you on when you
(21) saw him?
(22) A  As I recall, I had been on the main deck of
(23) the vessel.
(24) Q  And you're walking aft on the main deck
(25) inshore side?

### Page 21

(1) A  Right now mine is Alan Tokairin.
(2) Q  Alan. And his last name?
(3) A  Tokairin, T-O-K-A-I-R-I-N.
(4) Q  And who's the other supe person?
(5) A  Currently it's Wes Park. But at this time
(6) it may have been Carlton Kanui back in 2002. I'm not
(7) quite sure if it was Wes or Carlton back then.
(8) Q  And then who's above the two general
(9) stevedores superintendents?
(10) A  That would be our terminal managers. The
(11) nighttime terminal manager is a guy named Wayne
(12) Tegard and the daytime terminal manager is a guy
(13) named Kent Eddie.
(14) Q  Aside from the accident report that I've
(15) shown you, are you aware of any other documents
(16) pertaining to the accident?
(17) A  No, I'm not.
(18)     MR. EASLEY: Okay. That's the end of
(19) the depo.
(20)     (Deposition concluded at 3:32 p.m.)

### Page 22

(1)     I, DANIEL FARNEY, do hereby certify that I
(2) have read the foregoing pages 1 through 21,
(3) inclusive, and corrections, if any, were noted by me;
(4) and that same is now a true and correct transcript of
(5) my testimony.
(6)     DATED: Honolulu, Hawaii, _____.

(12) Signed before me this _____
(13) day of _____, 2004.

(23) Case: BERT MEYER vs. MATSON NAVIGATION
    Civil No.: CV 04 00049 HG-BMK
(24) Deposition Dated: August 11, 2004
    Taken By: Myrla R. Segawa

### Page 23

(1)     C E R T I F I C A T E
(2) STATE OF HAWAII    )
                       ) SS:
(3) CITY AND COUNTY OF HONOLULU )
(4)     I, MYRLA R. SEGAWA, Notary Public, State of
(5) Hawaii, do hereby certify:
(6)     That on Wednesday, August 11, 2004, at
(7) 3:10 p.m., appeared before me DANIEL FARNEY, the
(8) witness whose deposition is contained herein; that
(9) prior to being examined he was by me duly sworn;
(10)     That the deposition was taken down by me in
(11) machine shorthand and was thereafter reduced to
(12) typewriting under my supervision; that the foregoing
(13) represents, to the best of my ability, a true and
(14) correct transcript of the proceedings had in the
(15) foregoing matter.
(16)     I further certify that I am not an attorney
(17) for any of the parties hereto, nor in any way
(18) concerned with the cause.
(19)     DATED this 23rd day of August, 2004, in
(20) Honolulu, Hawaii.

(23)     _____
         MYRLA R. SEGAWA, CSR NO. 397
         Notary Public, State of Hawaii
(24)     My Commission Exp: 1-27-2005