```
HUGHES & TAOSAKA
Attorneys At Law, A Law Corporation

ROY F. HUGHES          1774-0
THOMAS E. IRONS        7876-0
Pauahi Tower, Suite 900
1001 Bishop Street
Honolulu, Hawaii       96813
Telephone No.          526-9744

Attorneys for Defendant
PACIFIC LIVESTOCK, INC.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MATSON NAVIGATION COMPANY, INC.; and PACIFIC LIVESTOCK, INC.,<br><br>　　　　Defendants.<br>―――――――――――――――<br>PACIFIC LIVESTOCK, INC.<br><br>　　　　Third-Party<br>　　　　Plaintiff,<br><br>　vs.<br><br>MATSON TERMINALS, INC.<br><br>　　　　Third-Party<br>　　　　Defendant.<br>―――――――――――――――  | Civil No.: CV04 00049 HG-BMK<br>(In Admiralty)<br><br>DEFENDANT AND THIRD-PARTY PLAINTIFF PACIFIC LIVESTOCK, INC.'S THIRD-PARTY COMPLAINT AGAINST MATSON TERMINALS, INC.; EXHIBIT "A"; SUMMONS; CERTIFICATE OF SERVICE |

EXHIBIT  H

DEFENDANT AND THIRD-PARTY PLAINTIFF
PACIFIC LIVESTOCK, INC.'S THIRD-PARTY
COMPLAINT AGAINST MATSON TERMINALS, INC.

Defendant and Third-Party Plaintiff PACIFIC LIVESTOCK, INC. (hereinafter "PLI"), by and through its attorneys HUGHES & TAOSAKA, hereby files it's Third-Party Complaint against Third-Party Defendant Matson Terminals, Inc. (hereinafter "Terminals"):

1. Plaintiff Bert Meyer ("Plaintiff") was at all relevant times a longshoreman employed by McCabe, Hamilton, & Renny Co., Ltd.

2. PLI was at all relevant times a corporation formed in the State of California.

3. Terminals was at all relevant times a corporation engaged the business of stevedoring operations in the State of Hawaii.

4. Jurisdiction and venue are proper with this Court.

5. Plaintiff has filed a Second Amended Complaint in the United States District Court for the

District of Hawaii, being Civil No. CV04 00049 HG-BMK, said Second Amended Complaint having been filed on May 25, 2005, a copy of which is attached hereto as Exhibit "A".

    6.   The Second Amended Complaint names PLI as a defendant.

    7.   If Plaintiff was injured and/or damaged as alleged in the Second Amended Complaint, such injuries and/or damagees were caused or contributed to by the negligence on the part of Terminals, with no negligence on the part of PLI.

    7.   PLI is entitled to indemnification, contribution and/or reimbursement from Terminals.

WHEREFORE Defendant and Third-Party Plaintiff Pacific Livestock, Inc. prays the following:

    A.   The Second Amended Complaint herein be dismissed and it be given its costs and attorney's fees;

      B.  If judgment is entered against any party to this action, such judgment be entered against Terminals, and not against PLI;

      C.  If it be determined that judgment be entered in favor of Plaintiff and against PLI, it be given judgment in a like amount over and against Terminals;

      D.  If it be determined that PLI and any other party or parties are joint tortfeasors with respect to the events described in the Second Amended Complaint, the relative and comparative degree of fault of each such tortfeasor be determined and PLI be given judgment over and against such other tortfeasor(s) for all amounts in excess of PLI's pro rata share of any judgment in favor of Plaintiff;

      E.  PLI be given such other and further relief as to this Court deems just.

DATED: Honolulu, Hawaii, _____.

_____
ROY F. HUGHES
THOMAS E. IRONS
Attorneys for Defendant
PACIFIC LIVESTOCK, INC.

---

Bert Meyer vs. Matson Navigation Company, Inc., et al.; Civil No. CV04 00049 HG-BMK; Defendant And Third-Party Plaintiff Pacific Livestock, Inc.'s Third-Party Complaint

5

PRESTON EASLEY, ESQ./Cal State Bar No. 108347
LAW OFFICES OF PRESTON EASLEY
2500 Via Cabrillo Marina, Suite 106
San Pedro, California 90731-7724
Telephone: (310) 832-5315
Facsimile: (310) 832-7730

ATTORNEY FOR: Plaintiff
BERT MEYER

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 2 5 2005

at \_\_ o'clock and \_\_ min. \_\_M.
WALTER A.Y.H. CHINN, CLERK

**LODGED**

MAY 2 0 2005

CLERK, U. S. DISTRICT COURT
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER,<br><br>Plaintiff,<br><br>v.<br><br>MATSON NAVIGATION COMPANY, INC.; and PACIFIC LIVESTOCK, INC.,<br><br>Defendants. | Civil No.: CV 04 00049 HG-BMK<br>(In Admiralty)<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES; SUMMONS ON SECOND COMPLAINT |

COMES NOW PLAINTIFF BERT MEYER and complains of defendants, and each of them, and alleges:

1. At all times mentioned herein plaintiff BERT MEYER was a longshoreman employed by McCabe, Hamilton, & Renny Co., Ltd.

1



EXHIBIT A

2. The basis of federal jurisdiction is Admiralty, 28 U.S.C. Sec. 1333. This is an admiralty claim for purposes of Rule 9(h). Diversity is an alternate bases for federal jurisdiction.

3. Defendant PACIFIC LIVESTOCK, INC. is a citizen of the State of California.

4. The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

5. At all times material hereto defendant MATSON NAVIGATION COMPANY, INC. owned, possessed, operated, managed, and was agent for the vessel S/S LIHUE which it managed, operated, and controlled in coastwise, intercoastal, and foreign navigation.

6. On or about October 1, 2002, plaintiff's employer, McCabe, Hamilton & Renny Co., Ltd., was engaged in rendering longshoring services on and about the S/S LIHUE which was pierside in navigable waters at Pier 52, Matson Terminal, Sand Island, Honolulu, Hawaii, and plaintiff was employed as a longshoreman on that site and at that time was performing such services on behalf of the employer.

7. On or about October 1, 2002, while working aboard the S/S LIHUE in navigable waters at the Matson Terminal, Honolulu, Hawaii, plaintiff suffered severe and disabling injuries when he fell from an unguarded catwalk and lashing platform grating.

2

8. Defendant MATSON NAVIGATION COMPANY, INC. breached its duty of care to plaintiff on October 1, 2002, by creating an unreasonably dangerous work environment for plaintiff aboard the S/S LIHUE in that there was no guardrail or cover or fall protection for subject catwalk and lashing platform grating, and there was animal waste on said catwalk grating and surrounding surfaces which made plaintiff's work area slippery and unsafe. Defendant PACIFIC LIVESTOCK, INC. employed the animal tenders who were aboard the S/S LIHUE at the time of plaintiff's accident. Defendants negligently failed to ensure that all animal waste was cleaned off the catwalks and hatch covers aboard S/S LIHUE on October 1, 2002, prior to the start of cargo operations by the longshoremen.

9. Defendant MATSON NAVIGATION COMPANY, INC. negligently failed to turn over the vessel to the stevedores in a safe condition and negligently failed to safely maintain equipment under its control.

10. Plaintiff is informed and believes and on such information and belief alleges that the aforementioned injuries are permanent in nature. All of said injuries have and will continue to cause plaintiff severe pain and suffering, whereby he has been generally damaged in a sum to be proven at trial. All of said injuries were caused by the negligence of defendants, and each of them.

11. As a direct and proximate result of said negligent conduct of defendants, and each of them, plaintiff has incurred and will continue to incur liabilities for medical attention, care and treatment, and wage loss, the exact amount of which is unknown to plaintiff at this time and plaintiff has been additionally damaged in said amount and prays leave to amend this complaint and insert amount upon the same being ascertained.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For general damages, according to proof at trial;

2. For medical and incidental expenses, according to proof;

3. For loss of earnings and earning capacity and fringe benefits, according to proof;

4. For prejudgment interest, according to proof;

5. For costs of suit incurred herein;

6. For such other and further relief as the Court may deem just and proper.


Dated: May 13, 2005

_____
PRESTON EASLEY
Attorney for Plaintiff
BERT MEYER

4

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of     HAWAII

BERT MEYER,

    Plaintiff,

V.

MATSON NAVIGATION COMPANY, INC.; and
PACIFIC LIVESTOCK, INC.
    Defendant.

**SUMMONS IN A CIVIL ACTION**
ON SECOND AMENDED COMPLAINT

CASE NUMBER: CV 04-0049 HG-BMK

TO: (Name and address of Defendant)

    Matson Navigation Company, Inc.; and
    Pacific Livestock, Inc.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Preston Easley, Esq.
    2500 Via Cabrillo Marina, Suite 106
    San Pedro, CA 90731

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

MAY 2 5 2005

CLERK      DATE

(By) DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER, ) | Civil No.: CV04 00049 HG-BMK |
| ) | (In Admiralty) |
| Plaintiff, ) | |
| ) | SUMMONS |
| vs. ) | |
| ) | |
| MATSON NAVIGATION COMPANY, ) | |
| INC.; and PACIFIC ) | |
| LIVESTOCK, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| PACIFIC LIVESTOCK, INC. ) | |
| ) | |
| Third-Party ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MATSON TERMINALS, INC. ) | |
| ) | |
| Third-Party ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

SUMMONS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

To: Third-Party Defendant Matson Terminals, Inc.

You are hereby summoned and required to serve upon the Law Offices of Hughes & Taosaka, Defendant and Third-Party Plaintiff Pacific Livestock, Inc.'s attorney, whose address is Pauahi Tower, Suite 900,

1001 Bishop Street, Honolulu, Hawaii 96813, an answer to the Third-Party Complaint which is herewith served upon you, within 20 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment be taken against you for the relief demanded in the Third-Party Complaint.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:  Honolulu, Hawaii, _____.


_____
CLERK OF THE ABOVE-ENTITLED COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER,<br><br>        Plaintiff,<br><br>  vs.<br><br>MATSON NAVIGATION COMPANY, INC.; and PACIFIC LIVESTOCK, INC.,<br><br>        Defendants.<br>_____<br><br>PACIFIC LIVESTOCK, INC.<br><br>        Third-Party Plaintiff,<br><br>  vs.<br><br>MATSON TERMINALS, INC.<br><br>        Third-Party Defendant.<br>_____ | Civil No.: CV04 00049 HG-BMK<br>(In Admiralty)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing documents were duly served upon the following parties listed below, in the manner described thereto, at their last-known address, on the date of filing.

                                              <u>By U.S. Mail</u>   <u>By Hand Delivery</u>

PRESTON EASLEY, ESQ.          X
2500 Via Cabrilo Marina, Suite 106
San Pedro, California  90731-7724

Attorney for Plaintiff
BERT MEYER

JOHN R. LACY, ESQ.                                        X
RANDOLF L.M. BALDEMOR, ESQ.
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii  96813

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.

        DATED:  Honolulu, Hawaii, _____.

 

                                                _____
                                                ROY F. HUGHES
                                                THOMAS E. IRONS
                                                Attorneys for Defendant
                                                PACIFIC LIVESTOCK, INC.