GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY                    1397-0
   jlacy@goodsill.com
RANDOLF L.M. BALDEMOR   7421-0
   rbaldemor@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 0 2005

at 11 o'clock and 0 min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER,<br><br>        Plaintiff,<br><br>vs.<br><br>MATSON NAVIGATION COMPANY, INC.; and PACIFIC LIVESTOCK, INC.,<br><br>        Defendants. | CIVIL NO. 04-00049 HG/BMK<br>(In Admiralty)<br><br>DEFENDANT MATSON NAVIGATION COMPANY, INC.'S ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES FILED ON MAY 25, 2005; DEFENDANT MATSON NAVIGATION COMPANY, INC.'S CROSS-CLAIM AGAINST DEFENDANT PACIFIC LIVESTOCK, INC.; CERTIFICATE OF SERVICE |

EXHIBIT "2"

969270.1

DEFENDANT MATSON NAVIGATION COMPANY, INC.'S
ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES FILED ON MAY 25, 2005

COMES NOW, Defendant MATSON NAVIGATION COMPANY, INC. (hereinafter "Matson"), by its attorneys and hereby answers the Second Amended Complaint for Damages as follows:

**FIRST DEFENSE**

1. The Second Amended Complaint fails to state a cause of action or claim upon which relief may be granted.

**SECOND DEFENSE**

2. The accident and injuries alleged were proximately caused by the negligence of Plaintiff.

**THIRD DEFENSE**

3. Plaintiff has failed to mitigate his alleged damages.

**FOURTH DEFENSE**

4. The accident and injuries alleged were proximately caused by the negligence and/or fault of others, and not Matson.

**FIFTH DEFENSE**

     5.    Defendants give notice that they may assert any other matter constituting an avoidance or an affirmative defense to the extent a factual basis therefore is disclosed through further investigation and discovery.

**SIXTH DEFENSE**

     6.    Paragraph 1 is denied, except it is admitted that Plaintiff was a longshoreman employed by McCabe, Hamilton & Renny Co., Ltd. at various times.

     7.    Matson is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 3 and 4.

     8.    Paragraph 5 is denied, except it is admitted that Matson Navigation Company, Inc. was the owner and operator of the vessel SS LIHUE.

     9.    Paragraph 6 is denied, except it is admitted that on October 1, 2002 Plaintiff in rendering longshoring services was on labor loan from McCabe, Hamilton & Renny Co., Ltd. to Matson Terminals, Inc.

     10.    Paragraph 7 is denied, except it is admitted that Plaintiff reported he sustained an injury while on the SS LIHUE.

     11.    Paragraphs 8, 9, 10 and 11 are denied insofar as they refer to Matson.

WHEREFORE, Matson prays as follows:

1.  That the Second Amended Complaint be dismissed and it be awarded its costs, attorneys' fees and such other relief as the Court deems just.

2.  That if Plaintiff and Matson are each found to be negligent, that the relative degree of fault of each be determined and judgment be rendered accordingly.

DATED: Honolulu, Hawaii,   JUN 2 0 2005   .

JOHN R. LACY
RANDOLF L.M. BALDEMOR

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER,<br><br>     Plaintiff,<br><br>vs.<br><br>MATSON NAVIGATION COMPANY, INC.; and PACIFIC LIVESTOCK, INC.,<br><br>     Defendants. | CIVIL NO. 04-00049 HG/BMK<br>(In Admiralty)<br><br>DEFENDANT MATSON NAVIGATION COMPANY, INC.'S CROSS-CLAIM AGAINST DEFENDANT PACIFIC LIVESTOCK, INC. |

DEFENDANT MATSON NAVIGATION COMPANY, INC.'S
CROSS-CLAIM AGAINST DEFENDANT PACIFIC LIVESTOCK, INC.

COMES NOW, Defendant MATSON NAVIGATION COMPANY, INC. (hereinafter "Matson"), by its attorneys and for Cross-Claim against PACIFIC LIVESTOCK, INC., alleges as follows:

1.     Plaintiff has filed a Second Amended Complaint in which he alleges he sustained injuries and damages as a result of the negligence of Defendants.

969270.1

2. That if Plaintiff sustained any injuries and damages, such injuries and damages were proximately caused by the negligence of PACIFIC LIVESTOCK, INC. and not MATSON.

3. That at all times relevant herein, PACIFIC LIVESTOCK, INC. was shipping containers of livestock attended by tenders aboard the SS LIHUE. The livestock tenders were employed by PACIFIC LIVESTOCK, INC. and during all times relevant herein were acting within the course and scope of their employment.

4. That PACIFIC LIVESTOCK, INC., pursuant to Matson Freight Tariff No. 14-F agreed to indemnify MATSON and to hold it harmless with respect to any injury to any person caused by the acts or omissions of its livestock tenders.

5. That Plaintiff alleges that PACIFIC LIVESTOCK, INC.'s tenders failed to clean feces and other livestock debris from the catwalks and hatch cover of the SS LIHUE which resulted in Plaintiff's accident.

6. That PACIFIC LIVESTOCK, INC. pursuant to the above-referenced freight tariff is obligated to indemnify and hold harmless

MATSON from any and all judgments, losses and expenses, including but not limited to its attorneys' fees resulting from Plaintiff's accident on October 1, 2002.

7. That the negligence if any of MATSON was passive and secondary while the negligence of PACIFIC LIVESTOCK, INC. was active and primary and MATSON is entitled to indemnification by PACIFIC LIVESTOCK, INC. for any judgment, losses and expenses, including but not limited to attorneys' fees and costs arising out of the October 1, 2002 accident.

WHEREFORE, MATSON prays as follows:

1. That it be awarded judgment on its cross-claim plus its attorneys' fees and costs and such other relief as the Court deems just.

2. That if Plaintiff be found entitled to a judgment, such judgment be entered against PACIFIC LIVESTOCK, INC. and not MATSON.

3. That if PACIFIC LIVESTOCK, INC. and MATSON are each found to be joint tortfeasors, that the relative degree of fault of each be determined and that MATSON be awarded judgment over and against PACIFIC LIVESTOCK, INC. for any and all amounts MATSON pays over and above its pro rata share.

      4.    That MATSON be awarded indemnification against PACIFIC LIVESTOCK, INC. for any judgment, loss and expenses including but not limited to attorneys' fees.

      DATED: Honolulu, Hawaii, __JUN 2 0 2005__.

*/s/ John R. Lacy*
JOHN R. LACY
RANDOLF L.M. BALDEMOR

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER,<br><br>   Plaintiff,<br><br>vs.<br><br>MATSON NAVIGATION COMPANY, INC.; and PACIFIC LIVESTOCK, INC.,<br><br>   Defendant. | CIVIL NO. 04-00049 HG/BMK<br>(In Admiralty)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within was duly served on the following attorney at his last-known address on ___JUN 2 0 2005___:

969270.1

<u>MAILED</u>     <u>HAND DELIVERY</u>

PRESTON EASLEY, ESQ.                    ☒            ☐
2500 Via Cabrillo Marina, Suite 106
San Pedro, California   90731-7724

Attorney for Plaintiff
BERT T. MEYER

DATED: Honolulu, Hawaii,    JUN 2 0 2005                    .

JOHN R. LACY
RANDOLF L.M. BALDEMOR

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.

2