GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY                    1397-0
   jlacy@goodsill.com
RANDOLF L. M. BALDEMOR   7421-0
   rbaldemor@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER,<br><br>          Plaintiff,<br><br>vs.<br><br>MATSON NAVIGATION COMPANY, INC.,<br><br>          Defendant. | CIVIL NO. 04-00049 HG/BMK<br>(In Admiralty)<br><br>DEFENDANT MATSON NAVIGATION COMPANY, INC.'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET NO. ONE |

DEFENDANT MATSON NAVIGATION COMPANY, INC.'S
RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET NO. ONE

In accordance with Rule 33 of the Federal Rules of Civil Procedure,

Defendant MATSON NAVIGATION COMPANY, INC. ("Defendant"), by and

EXHIBIT "2"

610462.1

through its attorneys GOODSILL ANDERSON QUINN & STIFEL, hereby responds and objects to Plaintiff's Interrogatories, Set One as follows:

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's request for answers to interrogatories to the extent that it seeks to impose burdens or obligations greater than the requirements of Rules 26 and 33 of the Federal Rules of Civil Procedure.

2. Defendants objects to the definitions and instructions supplied by Plaintiff with regard to the request to the extent that the definitions and instructions are overbroad, burdensome, vague, and often inconsistent with the normal usage and meaning of such words, invade privileged matters, and constitute an improper and unreasonable expansion of the interrogatories themselves.

3. Defendant therefore gives notice that it does not consider itself bound by the definitions and instructions propounded by Plaintiff and instead shall answer the interrogatories in a manner consistent with the normal understanding of the language used in the answer and to the extent necessary to fairly, properly, and fully answer the interrogatories in accordance with the Federal Rules of Civil Procedure and in proper protection of privileged matters.

4. Defendant objects to each interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work-

product privilege or any other applicable privilege, and/or that it seeks the mental impressions, conclusions, opinions or legal theories of one or more attorneys for Defendants or the representatives of such attorneys, or documents containing the same. Defendant reserves the right to withhold privileged information, documents and materials. Based upon the attorney-client privilege and the attorney work product doctrine, Defendant specifically object further to interrogatories which seek to require Defendant's attorneys to review documents and to select for plaintiff's counsel those relating to a particular defense of, or a contention or allegation by Defendant.

5. Defendant objects to each interrogatory to the extent that it seeks to invade confidential or proprietary business information of a competitive or sensitive nature or trade secrets.

6. Defendant objects to each interrogatory to the extent that it seeks information which is as easily available to Plaintiff as to Defendant.

7. Defendant objects to each interrogatory to the extent that it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to each specific interrogatory to the extent that it is overbroad, unduly burdensome, duplicative, oppressive, vague, unintelligible and/or ambiguous. Without waiving said objection, Defendant will endeavor to provide such information as it can, although the information provided cannot be deemed all-inclusive. Other facts or witnesses not thought of may also bear upon the contentions and defenses at issue.

9. Defendant specifically objects to this request to the extent that it is overbroad, vague, and/or ambiguous, and that it seeks information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORIES

1. Who owned the vessel S/S LIHUE on October 1, 2002?

   Answer:

   Matson Navigation Company, Inc.

2. Who employed the crew of S/S LIHUE on October 1, 2002?

   Answer:

   Matson Navigation Company, Inc.

4

3. Identify by name, home address, and home telephone number the captain of the S/S LIHUE on October 1, 2002?

   **Objection:** Defendant objects on the grounds the request seeks information of a personal and confidential nature. Defendant objects to any attempt by Plaintiff to contact the captain at his home address and telephone number. Plaintiff is hereby placed on notice that all requests for information from the captain must be coordinated through this office.

   _____
   RANDOLF L.M. BALDEMOR

   Answer:

   Thomas Stapleton

4. Identify by name, home address, and home telephone number of the chief mate of the S/S LIHUE on October 1, 2002.

   **Objection:** Defendant objects on the grounds the request seeks information of a personal and confidential nature. Defendant objects to any attempt by Plaintiff to contact the chief mate at his home address and telephone number. Plaintiff is hereby placed on notice that all requests for information from the chief mate must be coordinated through this office.

   _____
   RANDOLF L.M. BALDEMOR

   Answer:

   Eric Johnson

5. Identify by name, job title, employer, home address, and home telephone number of each animal tender who worked aboard the S/S LIHUE on October 1, 2002.

5

**Objection:** Defendant objects on the grounds that the request is vague and ambiguous as to "animal tender". Defendant also objects on the grounds the request seeks information of a personal and confidential nature.

                                                                       /s/ _____
                                                                       RANDOLF L.M. BALDEMOR

Answer:

Greg Kinnell
41 Ridgecrest Road
Canyon, CA 94516

John Davis
3361 Mendocino Ave. #8
Santa Rosa, CA 95403
(707) 542-7470

Discovery is ongoing.

6.     Identify by name, job title, home address and home telephone number each of your employees who investigated subject accident.

**Objection:** Defendant objects on the grounds that the request is vague and ambiguous as to "investigated". Defendant further objects on the grounds that the request seeks information of a personal and confidential nature.

                                                                       /s/ _____
                                                                       RANDOLF L.M. BALDEMOR

Answer:

Discovery is ongoing.

7. Identify by name, job title, and work address each naval architect currently employed by Matson Navigation Company, Inc.

   **Objection:** Defendant objects on the grounds that the request seeks information that is not relevant or likely to lead to the discovery of admissible evidence. Defendant further objects on the grounds that the request seeks information of a personal and confidential nature. Defendant objects to any attempt by Plaintiff to contact Defendant's employees at their home address and telephone number. Plaintiff is hereby placed on notice that all requests for information from Defendant's employees must be coordinated through this office.

   _____
   RANDOLF L.M. BALDEMOR

   Answer:

   Peter Fisher and Hank Olson

8. Why wasn't there a guardrail on the side of the catwalk from which plaintiff fell?

   **Objection:** Defendant objects on the grounds that the interrogatory is based on an assumption of fact and calls for speculation. Defendant further objects on the grounds that the interrogatory is vague and ambiguous.

   _____
   RANDOLF L.M. BALDEMOR

   Answer:

   Discovery is ongoing.

9. Were you a member of the Pacific Maritime Association on October 1, 2002?

Answer:

Yes.

10. As part of your collective bargaining agreement with the International Longshore and Warehouse Union for California ports were you required to comply with the Pacific Coast Marine Safety Code?

    **Objection:** Defendant objects on the grounds that the interrogatory calls for a legal conclusion. Defendant further objects on the grounds that the interrogatory is vague and ambiguous as to "required". According to the complaint, Plaintiff alleges the accident occurred in Hawaii. Therefore, Defendant objects on the ground that the request seeks information that is not relevant or likely to lead to the discovery of admissible evidence.

    _____
    RANDOLF L.M. BALDEMOR

11. Identify by name, employer, job title, and home address each Matson Navigation and Matson Terminals employee who investigated subject accident.

    **Objection:** Defendant objects on the grounds that the interrogatory is duplicative and cumulative as to Matson Navigation Company, Inc. (See interrogatory number 6). Defendant further objects to the extent the interrogatory requires Defendant to provide names of Matson Terminals, Inc. personnel.

    _____
    RANDOLF L.M. BALDEMOR

Answer:

See interrogatory number 6, above.

12. State the name, **ADDRESS**, and telephone number of each individual:

 (a) who witnessed subject accident or the events occurring immediately before or after subject accident;

 (b) who made any statement at the scene of subject accident;

 (c) who heard any statements made about subject accident by any individual at the scene;

 (d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of subject accident.

**Objection:** Defendant objects on the grounds that the interrogatory seeks information in the possession of or readily available to Plaintiff. Defendant further objects on the grounds that the request is cumulative and duplicative.

*/s/ Randolf L.M. Baldemor*
RANDOLF L.M. BALDEMOR

Answer:

See responses provided herein. Discovery is ongoing.

13. At the time of subject accident was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of subject accident? If so, for each policy state:

 (a) the kind of coverage;

 (b) the name and **ADDRESS** of the insurance company;

 (c) the name, **ADDRESS**, and telephone number of each named insured;

 (d) the policy number;

(e) the limits of coverage for each type of coverage contained in the policy;

(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company;

(g) the name, **ADDRESS**, and telephone number of the custodian of the policy.

(h) The amount of any deductible or self insured retention.

**Objection:** Defendant objects on the grounds that the interrogatory is vague and ambiguous. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant or likely to lead to the discovery of admissible evidence.

_____
RANDOLF L.M. BALDEMOR

Answer:

Matson has P&I coverage in an amount sufficient to cover Plaintiff's claim as alleged in the complaint.

DATED: Honolulu, Hawaii, June 21, 2004.

_____
JOHN R. LACY
RANDOLF L. M. BALDEMOR
Attorneys for Defendant
MATSON NAVIGATION CO., INC.

## VERIFICATION

I, Barbara A. Bodager, declare:

I am an Assistant General Counsel of Matson Navigation Company, Inc. a corporation organized and existing under the laws of Hawaii, which is the Defendant in the above-entitled action, and I have been authorized to make this verification on its behalf.

I have read the foregoing DEFENDANT MATSON NAVIGATION COMPANY, INC.'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET NO. ONE on file herein and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California on June 21, 2004.

*/s/ Barbara A. Bodager*
Barbara A. Bodager

## VERIFICATION

I, Barbara A. Bodager, declare:

I am an Assistant General Counsel of Matson Navigation Company, Inc. a corporation organized and existing under the laws of Hawaii, which is the Defendant in the above-entitled action, and I have been authorized to make this verification on its behalf.

I have read the foregoing DEFENDANT MATSON NAVIGATION COMPANY, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE on file herein and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California on June 21, 2004.

_____
Barbara A. Bodager