ROBERT E. RILEY - 8/25/05

```
 1            IN THE UNITED STATES DISTRICT COURT
 2               FOR THE DISTRICT OF HAWAII
 3                      ---oOo---
 4
 5   BERT MEYER,
 6              Plaintiff,
 7      vs.                      No. 1:04cv00049JMS-BMK
 8   MATSON NAVIGATION COMPANY,
     INC.,
 9
10              Defendant.
11       Deposition of
12       ROBERT E. RILEY
13       Thursday, August 25, 2005
```

**CERTIFIED COPY**

```
21   REPORTED BY:  MARY DUTRA, CSR #9251
22
23              NOGARA REPORTING SERVICE
24           130 Battery Street, Suite 580
             San Francisco, California 94111
25                  (415) 398-1889
```

EXHIBIT "8"

ROBERT E. RILEY - 8/25/05

1    A.   Okay.
2    Q.   At the time Mr. Meyer fell, was he looking
3 up?
4    A.   That's what I understand, yes.
5    Q.   Had he finished unlocking the cones?
6    A.   Not the particular one that was stuck.
7    Q.   So he slipped while he was in the process of
8 unlocking the cone?
9    A.   Yes.  Trying to unlock the cone, yes.
10   Q.   By the way, prior to Mr. Meyer's fall, do
11 you know how many other longshoremen had walked along
12 the catwalk at rows 15 and 16?
13   A.   I would have no idea.
14   Q.   Do you have any understanding of whether
15 anybody had?
16   A.   Yes.  I have an understanding that many
17 people have walked that catwalk.
18   Q.   Okay.  Would it be accurate to say that if
19 Mr. Meyer's foot had not slipped, that his foot would
20 not have gone into the opening between the catwalk and
21 the hatch cover?
22   A.   Probably would not in this particular
23 instance.
24   Q.   And I guess just to make sure, are you aware
25 of anything else, like rain or grease or anything,

1  that would have caused his foot to slip off the padeye
2  other than animal waste?
3      A.  My understanding is that there was no rain
4  involved.
5      Q.  Okay.
6      A.  No moisture from the rain.
7      Q.  Okay.
8      A.  It was clear, is my understanding.
9      Q.  All right.  But based on all the facts you
10 know, was there any other reason for his foot to slip
11 off that padeye other than animal waste being on the
12 bottom of his shoe?
13     A.  I don't know of any other reason.
14     Q.  Okay.  Now going on down, you again make
15 reference to the Morishige and the Tavares cases.
16         First of all -- and in both of those cases,
17 Captain Riley, were the two longshoremen looking up or
18 having their attention diverted somewhere else when
19 they stepped into the opening?
20     A.  I don't remember either way.
21     Q.  As far as the mechanics of the accident, did
22 either one of them have any type of slippery substance
23 on their shoes?
24     A.  I don't know, but I don't think so.
25     Q.  So the photographs that you have as

```
 1  STATE OF CALIFORNIA      )
                             )
 2  COUNTY OF SAN FRANCISCO  )

 3       I, MARY DUTRA, a Certified Shorthand Reporter of

 4  the State of California, duly authorized to administer

 5  oaths pursuant to Section 2025 of the California Code

 6  of Civil Procedure, do hereby certify that

 7                   ROBERT E. RILEY,

 8  the witness in the foregoing deposition, was by me

 9  duly sworn to testify the truth, the whole truth and

10  nothing but the truth in the within-entitled cause;

11  that said testimony of said witness was reported by

12  me, a disinterested person, and was thereafter

13  transcribed under my direction into computer-aided

14  transcription and is a true and correct transcription

15  of said proceedings.

16       I further certify that I am not of counsel or

17  attorney for either or any of the parties in the

18  foregoing deposition and caption named, nor in any way

19  interested in the outcome of the cause named in said

20  caption.

21       Dated the 13th day of September, 2005.

22

23                    _____
                            MARY DUTRA
24                      CSR No. 9251 (California)

25
```