GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY                          1397-0
   jlacy@goodsill.com
RANDOLF L. M. BALDEMOR    7421-0
   rbaldemor@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| BERT MEYER,<br><br>          Plaintiff,<br><br>vs.<br><br>MATSON NAVIGATION COMPANY, INC.; and PACIFIC LIVESTOCK, INC.,<br><br>          Defendants. | CIVIL NO. 1:04cv 00049 JMS-BMK<br>(In Admiralty)<br><br>DEFENDANT MATSON NAVIGATION COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT AGAINST PACIFIC LIVESTOCK, INC.; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE |
|---|---|

**DEFENDANT MATSON NAVIGATION COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT AGAINST PACIFIC LIVESTOCK, INC.**

COMES NOW Defendant Matson Navigation Company, Inc.

("Matson Navigation"), by and through its attorneys, Goodsill Anderson Quinn &

1221172.3

Stifel, LLP, and hereby moves this Honorable Court for summary judgment in favor of Matson Navigation to dismiss Pacific Livestock, Inc.'s cross-claim against Matson Navigation and require Pacific Livestock to indemnify Matson Navigation and hold it harmless with respect to the accident (alleged herein) occurring on October 1, 2002.

This Motion is based upon Rules 7 and 56(b) of the Federal Rules of Civil Procedure, Local Rules 7.1, 7.2, 7.3, 7.5, and 56.1, the attached Memorandum in Support of Motion, the Separate and Concise Statement filed concurrently herewith and incorporated herein, and the records, files and pleadings herein and such further affidavits or memoranda that this Court may require or allow.

DATED: Honolulu, Hawaii, February 14, 2006.

/s/ Randolf L.M. Baldemor
JOHN R. LACY
RANDOLF L.M. BALDEMOR

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.

TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................... 1

II. FACTS ....................................................................................................................... 2

   A. Background............................................................................................................ 2

III. ARGUMENT ............................................................................................................. 6

   A. Standard of Review ............................................................................................... 6

   B. As a matter of law, Pacific Livestock is obligated to indemnify and hold Matson Navigation harmless for any damages arising out of the accident in question.................................................................................................................. 7

      1. Pacific Livestock is bound to the indemnity and hold harmless provisions of Freight Tariff No. 14-F, STB MATS No. 34............................................... 7

      2. Pacific Livestock had notice, actual or constructive, of the tariff provision in question............................................................................................................ 8

      3. Pacific Livestock's conduct clearly caused the accident. ............................ 12

IV. CONCLUSION ....................................................................................................... 14

Case 1:04-cv-00049-JMS-BMK   Document 114   Filed 02/15/2006   Page 4 of 5


# TABLE OF AUTHORITIES

## FEDERAL CASES

*Atwood v. U W Freight Line, Inc.*, 127 F. Supp. 2d 1155 (D. Idaho 1999) ........ 8

*Brown & Root, Inc. v. M/V Peisander*, 648 F.2d 415 (5th Cir. 1981) ........ 8

*C 3122*, 1999 U.S. Dist. LEXIS 9564 (N.D. Ill. 1999) ........ 12

*Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) ........ 7

*Commodity Futures Trading Commission v. Savage*, 611 F.2d 270 (9th Cir. 1979) ........ 7

*Comsource Independent Foodservice Companies, Inc. v. Union Pacific Railroad Company*, 102 F.3d 438 (9th Cir. 1996) ........ 8, 9

*Foster Wheeler Energy Corp. v. An Ning Jiang MV*, 383 F.3d 349 (5th Cir. 2004) ........ 8

*Mechanical Technology Inc. v. Ryder Truck Lines, Inc.*, 776 F.2d 1085 (2nd Cir. 1985) ........ 11

*NACA Logistics (USA) Inc. v. COSCO Container Lines Co., Ltd.*, No. C04-1855Z, 2005 U.S. Dist. LEXIS 33601 (W.D. Wash. September 6, 2005) ........ 8

*Norfolk Southern Railway Co. v. Kirby*, 125 S. Ct. 385, 2004 LEXIS 7510 (2004) ........ 8

*Norton v. Phillips*, 901 F.2d 821 (10th Cir. 1990) ........ 11

*Port of Tacoma v. S.S. Duval*, 364 F.2d 615 (9th Cir. 1966) ........ 9

*State Farm Fire & Casualty Co. v. Martin*, 872 F.2d 319 (9th Cir. 1989) ........ 7

*T.W. Electric Serv., Inc. v. Pac. Electric Contractors Association*, 809 F.2d 626 (9th Cir. 1987) ........ 7

## DOCKETED CASES

*Nieman Marcus Group, Inc. v. Quast Transfer, Inc.*, Civ. No. 98 .............. 11

## FEDERAL STATUTES

49 C.F.R. §1312.3(a) .................................................................. 10

49 U.S.C. §13702(b) .................................................................. 10

49 U.S.C. §13702(b)(2) .............................................................. 10

Fed. R. Civ. P. 56(c) .................................................................... 6

Fed. R. Civ. P. 56(e) .................................................................... 7