IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER, | ) Civil No.: CV04 00049 JMS-BMK |
| | ) (In Admiralty) |
| Plaintiff, | ) |
| | ) MEMORANDUM IN SUPPORT OF |
| vs. | ) MOTION |
| | ) |
| MATSON NAVIGATION COMPANY, | ) |
| INC.; and PACIFIC | ) |
| LIVESTOCK, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM IN SUPPORT OF MOTION

Defendant Matson Navigation Company, Inc. ("Navigation"), filed its motion for summary judgment against defendant Pacific Livestock, Inc. ("PLI") on February 14, 2006 (the "Motion"). PLI was served with the Motion on February 15, 2006. On February 16, 2006, PLI's counsel learned that the Motion was set for hearing on March 13, 2006. See Declaration of Irons at paragraph 2.

Another motion, previously filed by Navigation on January 9, 2006, is also set to be heard on March 13, 2006. PLI filed a motion for leave to file a third-party complaint at that motion is set to be heard

March 10, 2006 before the Honorable Barry Kurren. Oppositions for both of Navigation's motions are currently due by February 23, 2006. A settlement conference is set for April 20, 2006. Trial is set for June 14, 2006.

PLI requests a two-week continuance of the hearing on Navigation's motion for summary judgment based upon the following:

1. Local Rule 7.2(a) provides that the Motion be set for hearing "not less than twenty-eight (28) days after service". The Motion was served on PLI on February 15, 2006, and is currently set for hearing on the twenty-sixth (26th) day after service.

2. On February 3, 2006, PLI served discovery requests on Navigation that are germane to the issues raised in the Motion, and PLI requests that it be entitled to review the responses, which have as yet not been provided, prior to filing its opposition to the Motion. *See* FRCP 56(f).

3. Given the current hearing date, PLI has less than a week's notice to file its opposition to the Motion.

Counsel for PLI has contacted Plaintiff's counsel, who has no objection to a week's continuance, and who does not expect to make any filings or have any direct involvement in connection with the Motion, which involves indemnity issues as between Navigation and PLI. However, counsel for PLI does not believe a week's continuance will be sufficient. Attempts to contact counsel for Navigation have not been successful. *See* Declaration of Irons at paragraph 3. Counsel for PLI will attempt to reach an informal resolution among the parties, but for itself requests a two week continuance. It does not appear a two week continuance will prejudice the other parties. As the Court is aware, PLI was brought into the litigation a year and a half after the initial complaint was filed, and filed its first responsive pleading on September 23, 2005. This motion is not

3

made for purposes of delay.  *See* Declaration of Irons at paragraph 3.

DATED: Honolulu, Hawaii, _____FEB 16 2006_____.

_____
ROY F. HUGHES
THOMAS E. IRONS
Attorneys for Defendant
PACIFIC LIVESTOCK, INC.