HUGHES & TAOSAKA
Attorneys At Law, A Law Corporation

| | |
|---|---|
| ROY F. HUGHES | 1774-0 |
| THOMAS E. IRONS | 7876-0 |

Pauahi Tower, Suite 900
1001 Bishop Street
Honolulu, Hawaii          96813
Telephone No.              526-9744

Attorneys for Defendant
PACIFIC LIVESTOCK, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 30 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER,<br><br>          Plaintiff,<br><br>vs.<br><br>MATSON NAVIGATION COMPANY, INC.; and PACIFIC LIVESTOCK, INC.,<br><br>          Defendants. | Civil No.: CV04 00049 JMS-BMK<br>(In Admiralty)<br><br>DEFENDANT PACIFIC LIVESTOCK, INC.'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MEMORANDUM IN OPPOSITION TO MATSON NAVIGATION COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT FILED ON JANUARY 9, 2006; DECLARATION OF GEORGE KINNELL; DECLARATION OF PETER CRAIG; DECLARATION OF DENNIS SMITH; EXHIBIT "1"; DECLARATION OF THOMAS IRONS; EXHIBITS "A"-"C"; CERTIFICATE OF SERVICE<br><br>Date: April 17, 2006<br>Time: 9:00 a.m.<br>Honorable J. Michael Seabright |

OpptoMatMSJSCS

DEFENDANT PACIFIC LIVESTOCK, INC.'S SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MEMORANDUM IN OPPOSITION TO MATSON NAVIGATION COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT FILED ON JANUARY 9, 2006

I. **RESPONSE TO MATSON NAVIGATION COMPANY, INC.'S SEPARATE AND CONCISE STATEMENT OF FACTS**

|    | FACTS | EVIDENTIARY SUPPORT |
|----|-------|---------------------|
| 1. | Not disputed. | |
| 2. | Partially disputed. Meyer stated he "..didn't realize there was a hole there… Cause I couldn't see anything."; "…the crane wasn't there yet, there's no light…" Pacific Livestock, Inc. ("PLI") animal tender George Kinnell states it was "dark". | See pages 13, and 23-25, 54-55, of the Recorded Statement of Bert Meyer, attached as Exhibit "A" to Matson Navigation Company, Inc.'s ("Navigation") Statement of Concise Facts ("SCS"). See Declaration of George Kinnell, at para. 8, attached to PLI's Response to Navigation's SCS. |
| 3. | Disputed. | See First and Second Declarations of Plaintiff Bert Meyer and Declaration of Capt. Robert E. Riley, at paras 6-8 and 14, attached to Plaintiff's Response to Navigation's SCS. |

| | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 4. | Disputed. | See Declaration of Capt. Robert E. Riley at paras. 9-11, attached to Plaintiff's Response to Navigation's SCS. |
| 5. | Not disputed. | |
| 6. | Not disputed. | |
| 7. | Not disputed. | |
| 8. | Partially disputed. PLI's tender states there was no waste from PLI's hogs in and around the area where Meyer says he fell. | See Declaration of George Kinnell, at paras. 11, 12, 14, 26-28 and 30, attached to PLI's Response to Navigation's SCS. |
| 9. | Partially disputed. Pacific Livestock's tender states there was no animal waste in and around the area where Meyer says he fell. | See Declaration of George Kinnell, at paras. 11, 12, 14, 26-28 and 30, attached to PLI's Response to Navigation's SCS. |
| 10. | Not disputed. | |
| 11. | Not disputed. | |
| 12. | Partially disputed. Meyer stated he "didn't realize there was a hole there…Cause I couldn't see anything." | See pages 13, 23-25, 54-55 of the Recorded Statement of Bert Meyer, attached as Exhibit "A" to Navigation's SCS. |

3

## II. ADDITIONAL FACTS

| | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 13. | The crew of the Lihue was responsible for ensuring PLI's livestock tenders were qualified, that they responded to reported problems with livestock, and they wash down containers on a daily basis when authorized to do so by the Chief Officer. | See Matson Navigation Company Policy Number E-01-040 at 3.1, 4.1, 4.8, and 4.11, attached as Exhibit "B" to the Declaration of Thomas Irons, attached to PLI's Response to Navigation's SCS. |
| 14. | The crew of the Lihue supervises and directs the work of PLI's animal tenders. | See Declaration of George Kinnell, at paras. 17 and 18, and Declaration of Peter Craig at para. 6, both attached to PLI's Response to Navigation's SCS. |
| 15. | If liquid and solid waste from PLI's hogs was present as Meyer states, Navigation's crew failed to properly inspect the Lihue, bring the condition to the attention of PLI's animal tender, and direct him to remove it. | See Declaration of Dennis Smith at para. 9, attached to PLI's Response to Navigation's SCS. |
| 16. | PLI had no responsibility for the hatchcover or catwalk at issue in this litigation or the gap through which Meyer alleges he fell. | See Declaration of Dennis Smith at para. 6, attached to PLI's Response to Navigation's SCS. |

|     | **FACTS** | **EVIDENTIARY SUPPORT** |
| --- | --- | --- |
| 17. | PLI had no responsibility to provide illumination on the S/S Lihue for cargo operations the night Meyer alleges he fell. | See Declaration of Dennis Smith at para. 7, attached to PLI's Response to Navigation's SCS. |
| 18. | Meyer did not want to tell anyone from Matson Terminals that he would not work in the area because he thought he would be written up. | See Exhibit "C", attached to the Declaration of Thomas E. Irons, attached to attached to PLI's Response to Navigation's SCS. |

DATED: Honolulu, Hawaii, MAR 3 0 2006                .

ROY F. HUGHES
THOMAS E. IRONS
Attorneys for Defendant
PACIFIC LIVESTOCK, INC.