MAR 0 8

ORIGINAL

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY 1397-0
jlacy@goodsill.com
RANDOLF L. M. BALDEMOR 7421-0
rbaldemor@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER,<br><br>Plaintiff,<br><br>vs.<br><br>MATSON NAVIGATION COMPANY, INC., and PACIFIC LIVESTOCK, INC.,<br><br>Defendant. | CIVIL NO. 1:04cv 00049JMS-BMK<br><br>DEFENDANT MATSON NAVIGATION COMPANY, INC.'S RESPONSE TO DEFENDANT PACIFIC LIVESTOCK, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MATSON NAVIGATION COMPANY DATED FEBRUARY 3, 2006 |



**DEFENDANT MATSON NAVIGATION COMPANY, INC.'S RESPONSE TO DEFENDANT PACIFIC LIVESTOCK, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MATSON NAVIGATION COMPANY DATED FEBRUARY 3, 2006**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendant MATSON NAVIGATION COMPANY, INC. ("Defendant"), by and through its attorneys GOODSILL ANDERSON QUINN & STIFEL, hereby responds and objects to Defendant Pacific Livestock, Inc.'s (hereinafter "Pacific Livestock") First Request for Production of Documents to Matson Navigation Company, Inc. dated February 3, 2006

GENERAL RESPONSE AND OBJECTIONS

1. Defendant objects to Plaintiff's request to the extent that it seeks to impose burdens or obligations greater than the requirements of Rules 26 and 33 of the Federal Rules of Civil Procedure.

2. Defendants objects to the definitions and instructions supplied by Plaintiff with regard to the request to the extent that the definitions and instructions are overbroad, burdensome, vague, and often inconsistent with the normal usage and meaning of such words, invade privileged matters, and constitute an improper and unreasonable expansion of the interrogatories themselves.

3. Defendant therefore gives notice that it does not consider itself bound by the definitions and instructions propounded by Plaintiff and instead shall

answer the request in a manner consistent with the normal understanding of the language used in the answer and to the extent necessary to fairly, properly, and fully answer the request in accordance with the Federal Rules of Civil Procedure and in proper protection of privileged matters.

4. Defendant objects to each request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product privilege or any other applicable privilege, and/or that it seeks the mental impressions, conclusions, opinions or legal theories of one or more attorneys for Defendants or the representatives of such attorneys, or documents containing the same. Defendant reserves the right to withhold privileged information, documents and materials. Based upon the attorney-client privilege and the attorney work product doctrine, Defendant specifically object further to requests which seek to require Defendant's attorneys to review documents and to select for plaintiff's counsel those relating to a particular defense of, or a contention or allegation by Defendant.

5. Defendant objects to each request to the extent that it seeks to invade confidential or proprietary business information of a competitive or sensitive nature or trade secrets.

6. Defendant objects to each request to the extent that it seeks information which is as easily available to Plaintiff as to Defendant.

7. Defendant objects to each request to the extent that it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to each request to the extent that it is overbroad, unduly burdensome, duplicative, oppressive, vague, unintelligible and/or ambiguous. Without waiving said objection, Defendant will endeavor to provide such information as it can, although the information provided cannot be deemed all-inclusive. Other facts or witnesses not thought of may also bear upon the contentions and defenses at issue.

Defendant's statement that responsive documents will be produced shall not be construed as an admission or acknowledgement that the related request is proper, that the information it seeks is within the proper bounds of discovery or that future requests for similar information will be treated in a similar fashion. Furthermore, Defendant's statement that responsive documents will be produced does not constitute a representation that such documents exist, but only that a search for such documents will be made of the likely repositories of such documents. Because all responsive documents may not yet have been located and/or identified, Defendant reserves the right to assert additional objections to production as appropriate.

To the extent that the requested documents fall outside the

above-listed objections, Defendant will produce said documents at GOODSILL, ANDERSON, QUINN & STIFEL, LLP at a time and date mutually convenient to the parties or will copy said documents subject to a mutually agreeable arrangement.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

1. Please produce any documents that support your claim that the provisions of Matson Navigation Company's Tariff 14F, including Item 1232 Note 6, which were in effect on October 1, 2002, are enforceable against Pacific Livestock.

RESPONSE

See documents previously produced to Pacific Livestock on October 6, 2005. In addition, see documents attached to Motion for Summary Judgment Against Pacific Livestock, Inc., filed on February 14, 2006.

2. Please produce a complete copy of Matson Navigation Company's Freight Tariff 14F that was in effect on October 1, 2002.

RESPONSE

See Freight Tariff 14F, with revisions.

DATED: Honolulu, Hawaii, March 3, 2006.

JOHN R. LACY
RANDOLF L. M. BALDEMOR

Attorneys for Defendant
MATSON NAVIGATION COMPANY, INC.

MASTER FILE

CANCELLED

# MATSON NAVIGATION COMPANY, INC.

FREIGHT TARIFF 14-F, STB MATS NO. 34

| ORIGINAL/REVISED | PAGE |
|---|---|
| 44th Revised | 115 |
| CANCELS | PAGE |
| 43rd Revised | 115 |

| ISSUE DATE | EFFECTIVE DATE |
|---|---|
| July 15, 1997 | July 17, 1997 |

CORRECTION NO. 2460

FROM: PACIFIC COAST PORTS

TO: HAWAII PORTS

| SECTION 3 - COMMODITY RATES IN DOLLARS PER CONTAINER (Except as otherwise provided) | 24D 24F | 24HD | 40D | 40F | 40HD 40T | ITEM |
|---|---|---|---|---|---|---|
| LIVESTOCK, NOS | | | [1] 2500 | | [1] 2500 | |
| | | | 3230 [T][2] | | 3230 [T][2] | 1231 |

[1] Rate applies only from Los Angeles CY or Oakland CY to Honolulu CY in a container furnished by shipper.
[2] Rate applies only from Oakland CY to Kahului CY in a container furnished by shipper. Note 8 applies. [C][R]
[T] Temporary rate expiring with July 18, 1997.

NOTE 1: Rate in this item applies only in a container furnished by the shipper, specifically designed for the carriage of livestock, and with an installed water system of sufficient capacity to supply water for the livestock for 36 hours. Shipper must initially demonstrate to the satisfaction of an authorized MNC engineer that shipper's container equipment meets seagoing container industry strength standards. Subsequently shipper must ensure that each container is in good structural and operational condition prior to each voyage.

NOTE 2: Rule 11 does not apply. In lieu thereof, the rate named in this item for animal is based on a released valuation as follows:

| | |
|---|---|
| Each horse .................................... | $1500 |
| Each bull over 18 months old ................... | 1000 |
| Each bull 12 to 18 months old .................. | 500 |
| Each cow, ox, steer, pig, hog, goat or sheep ... | 300 |
| Each calf, 6 to 12 months old .................. | 100 |
| Each calf under 6 months old ................... | 50 |
| Livestock, NOS ................................. | 50 |

NOTE 3: Before accepting for shipment, carrier shall receive appropriate certificates from the shipper demonstrating that animals have passed the test and inspections required by rules or regulations of the U.S. and Hawaii Departments of Agriculture.

(Continued on Page 116)

D 1428

CANCELLED

MASTER FILE

# MATSON NAVIGATION COMPANY, INC.

FREIGHT TARIFF 14-F, STB MATS NO. 34

| ORIGINAL/REVISED | PAGE |
|---|---|
| 43rd Revised | 115 |
| CANCELS | PAGE |
| 42nd Revised | 115 |

| ISSUE DATE | EFFECTIVE DATE |
|---|---|
| June 19, 1997 | June 21, 1997 |

CORRECTION NO. 2445

FROM: PACIFIC COAST PORTS

TO: HAWAII PORTS

| SECTION 3 - COMMODITY RATES IN DOLLARS PER CONTAINER (Except as otherwise provided) | 24D 24F | 24HD | 40D | 40F | 40HD 40T | ITEM |
|---|---|---|---|---|---|---|
| LIVESTOCK, NOS | | | [1] 2500<br>3230 [T][2] | | [1] 2500<br>3230 [T][2] | 1231 |

[1] Rate applies only from Los Angeles CY or Oakland CY to Honolulu CY in a container furnished by shipper.
[2] Rate applies only from Oakland CY to Kahului CY in a container furnished by shipper. Note 8 applies. [C][R]
[T] Temporary rate expiring with June 24, 1997.

NOTE 1: Rate in this item applies only in a container furnished by the shipper, specifically designed for the carriage of livestock, and with an installed water system of sufficient capacity to supply water for the livestock for 36 hours. Shipper must initially demonstrate to the satisfaction of an authorized MNC engineer that shipper's container equipment meets seagoing container industry strength standards. Subsequently shipper must ensure that each container is in good structural and operational condition prior to each voyage.

NOTE 2: Rule 11 does not apply. In lieu thereof, the rate named in this item for animal is based on a released valuation as follows:

| | |
|---|---|
| Each horse .................................... | $1500 |
| Each bull over 18 months old ................... | 1000 |
| Each bull 12 to 18 months old .................. | 500 |
| Each cow, ox, steer, pig, hog, goat or sheep ... | 300 |
| Each calf, 6 to 12 months old .................. | 100 |
| Each calf under 6 months old ................... | 50 |
| Livestock, NOS ................................. | 50 |

NOTE 3: Before accepting for shipment, carrier shall receive appropriate certificates from the shipper demonstrating that animals have passed the test and inspections required by rules or regulations of the U.S. and Hawaii Departments of Agriculture.

(Continued on Page 116)

D 1429

MASTER FILE CANCELLED

# MATSON NAVIGATION COMPANY, INC.

FREIGHT TARIFF 14-F, STB MATS NO. 34

| ORIGINAL/REVISED | PAGE |
|---|---|
| 42nd Revised | 115 |
| CANCELS | PAGE |
| 41st Revised | 115 |

| ISSUE DATE | EFFECTIVE DATE |
|---|---|
| June 5, 1997 | June 6, 1996 |
| CORRECTION NO. | 2435 |

FROM: PACIFIC COAST PORTS

TO: HAWAII PORTS

| SECTION 3 - COMMODITY RATES IN DOLLARS PER CONTAINER (Except as otherwise provided) | 24D 24F | 24HD | 40D | 40F | 40HD 40T | ITEM |
|---|---|---|---|---|---|---|
| LIVESTOCK, NOS | | | [1] 2500 | | [1] 2500 | |
| | | | 3230 [T][2] | | 3230 [T][2] | 1231 |

[1] Rate applies only from Los Angeles CY or Oakland CY to Honolulu CY in a container furnished by shipper.
[2] Rate applies only from Oakland CY to Kahului CY in a container furnished by shipper. Note 8 applies. [C][R]
[T] Temporary rate expiring with June 7, 1997.

NOTE 1: Rate in this item applies only in a container furnished by the shipper, specifically designed for the carriage of livestock, and with an installed water system of sufficient capacity to supply water for the livestock for 36 hours. Shipper must initially demonstrate to the satisfaction of an authorized MNC engineer that shipper's container equipment meets seagoing container industry strength standards. Subsequently shipper must ensure that each container is in good structural and operational condition prior to each voyage.

NOTE 2: Rule 11 does not apply. In lieu thereof, the rate named in this item for animal is based on a released valuation as follows:

| | |
|---|---|
| Each horse .................................... | $1500 |
| Each bull over 18 months old .................... | 1000 |
| Each bull 12 to 18 months old .................. | 500 |
| Each cow, ox, steer, pig, hog, goat or sheep ... | 300 |
| Each calf, 6 to 12 months old .................. | 100 |
| Each calf under 6 months old ................... | 50 |
| Livestock, NOS ................................ | 50 |

NOTE 3: Before accepting for shipment, carrier shall receive appropriate certificates from the shipper demonstrating that animals have passed the test and inspections required by rules or regulations of the U.S. and Hawaii Departments of Agriculture.

(Continued on Page 116)

D 1430

CANCELLED
MASTER FILE

| MATSON NAVIGATION COMPANY, INC. | ORIGINAL/REVISED | PAGE |
|---|---|---|
| FREIGHT TARIFF 14-F, STB MATS NO. 34 [C] | 41st Revised | 115 |
| | CANCELS | PAGE |
| | 40th Revised | 115 |
| FROM: PACIFIC COAST PORTS — TO: HAWAII PORTS | EFFECTIVE DATE: May 15, 1997 | |
| | CORRECTION NO. | 2421 |

| SECTION 3 - COMMODITY RATES IN DOLLARS PER CONTAINER (Except as otherwise provided) | 24D 24F | 24HD | 40D | 40F | 40HD 40T | ITEM |
|---|---|---|---|---|---|---|
| LIVESTOCK, NOS | | | [1] 2500<br>3230 [T][2] | | [1] 2500<br>3230 [T][2] | 1231 |

[1] Rate applies only from Los Angeles CY or Oakland CY to Honolulu CY in a container furnished by shipper.
[2] Rate applies only from Los Angeles CY or Oakland CY to Nawiliwili CY or Kahului CY in a container furnished by shipper. Note 8 applies. [C][R]
[T] Temporary rate expiring with May 17, 1997.

NOTE 1: Rate in this item applies only in a container furnished by the shipper, specifically designed for the carriage of livestock, and with an installed water system of sufficient capacity to supply water for the livestock for 36 hours. Shipper must initially demonstrate to the satisfaction of an authorized MNC engineer that shipper's container equipment meets seagoing container industry strength standards. Subsequently shipper must ensure that each container is in good structural and operational condition prior to each voyage.

NOTE 2: Rule 11 does not apply. In lieu thereof, the rate named in this item for animal is based on a released valuation as follows:

| | |
|---|---|
| Each horse .................................... | $1500 |
| Each bull over 18 months old .................. | 1000 |
| Each bull 12 to 18 months old ................. | 500 |
| Each cow, ox, steer, pig, hog, goat or sheep ... | 300 |
| Each calf, 6 to 12 months old ................. | 100 |
| Each calf under 6 months old .................. | 50 |
| Livestock, NOS ................................ | 50 |

NOTE 3: Before accepting for shipment, carrier shall receive appropriate certificates from the shipper demonstrating that animals have passed the test and inspections required by rules or regulations of the U.S. and Hawaii Departments of Agriculture.

(Continued on Page 116)

D 1431

CANCELLED MASTER FILE

**MATSON NAVIGATION COMPANY, INC.**

FREIGHT TARIFF 14-F, FMC-F NO. 34

| ORIGINAL/REVISED | PAGE |
|---|---|
| 40th Revised | 115 |
| CANCELS | PAGE |
| 39th Revised | 115 |
| EFFECTIVE DATE | |
| March 29, 1997 | |
| CORRECTION NO. | 2403 |

FROM: PACIFIC COAST PORTS

TO: HAWAII PORTS

| SECTION 3 - COMMODITY RATES IN DOLLARS PER CONTAINER (Except as otherwise provided) | 24D 24F | 24HD | 40D | 40F | 40HD 40T | ITEM |
|---|---|---|---|---|---|---|
| LIVESTOCK, NOS | | | [1] 2500<br>3230 [T][2] | | [1] 2500<br>3230 [T][2] | 1231 |

[1] Rate applies only from Los Angeles CY or Oakland CY to Honolulu CY in a container furnished by shipper.
[2] Rate applies only from Los Angeles CY or Oakland CY to Nawiliwili CY or Kahului CY in a container furnished by shipper. Note 8 applies. [C][R]
[T] Temporary rate expiring with April 12, 1997.

NOTE 1: Rate in this item applies only in a container furnished by the shipper, specifically designed for the carriage of livestock, and with an installed water system of sufficient capacity to supply water for the livestock for 36 hours. Shipper must initially demonstrate to the satisfaction of an authorized MNC engineer that shipper's container equipment meets seagoing container industry strength standards. Subsequently shipper must ensure that each container is in good structural and operational condition prior to each voyage.

NOTE 2: Rule 11 does not apply. In lieu thereof, the rate named in this item for animal is based on a released valuation as follows:

| | |
|---|---|
| Each horse .................................... | $1500 |
| Each bull over 18 months old .................. | 1000 |
| Each bull 12 to 18 months old ................. | 500 |
| Each cow, ox, steer, pig, hog, goat or sheep ... | 300 |
| Each calf, 6 to 12 months old ................. | 100 |
| Each calf under 6 months old .................. | 50 |
| Livestock, NOS ................................ | 50 |

NOTE 3: Before accepting for shipment, carrier shall receive appropriate certificates from the shipper demonstrating that animals have passed the test and inspections required by rules or regulations of the U.S. and Hawaii Departments of Agriculture.

(Continued on Page 116)

D 1432

CANCELLED

MASTER FILE

| MATSON NAVIGATION COMPANY, INC. FREIGHT TARIFF 14-F, STB MATS NO. 34 | ORIGINAL/REVISED | PAGE |
|---|---|---|
| | 44th Revised | 116 |
| | CANCELS | PAGE |
| | 43rd Revised | 116 |

| FROM: PACIFIC COAST PORTS | TO: HAWAII PORTS | ISSUE DATE | EFFECTIVE DATE |
|---|---|---|---|
| | | April 30, 1998 | May 4, 1998 |
| | | CORRECTION NO. | 2563 |

SECTION 3 - COMMODITY RATES IN DOLLARS PER CONTAINER
(Except as otherwise provided)

ITEM NO.

LIVESTOCK, NOS - continued

1231 (cont'd.)

NOTE 4: The transportation of livestock is also subject to the terms and conditions of bills of lading as contained in Matson Navigation Company, Inc. Freight Tariff No. 16-A, FMC-F No. 22, supplements thereto or reissues thereof, particularly paragraph 25 therein.

NOTE 5: Freight charges on livestock must be prepaid or guaranteed.

NOTE 6: Subject to availability of suitable quarters, a shipper of livestock under this item may provide an attendant. Shipper of weaner calves under this item must provide livestock attendant(s).

A maximum of two livestock attendants can be carried per voyage, and will be assigned to the first shipper(s) requesting accommodations. Subsequent requests for that voyage will be declined; however, carrier will identify to those requesting space the name of the shipper(s) holding space for attendant(s) on that particular voyage. Any agreement among shippers concerning the attendant is solely the responsibility of the shippers involved, and the responsibility for compliance with these provisions and the the charges herein remains that of the shipper(s) initially booking the space for the attendant(s).

If for any reason carrier must cancel the booking for an attendant, not less than 12 hours notice of such cancellation will be provided.

If for any reason the attendant requires assistance while on board, carrier will provide an employee, if available, at a charge of $21.33 per man per hour or fraction thereof.

Livestock attendants must comply with Matson rules and regulations governing their conduct and duties while in Matson yards or on Matson vessels.

[C] Shipper shall indemnify Matson and hold it harmless in respect of any injury or death of of any person; any loss or damage to cargo, other property or the vessel; or any other loss loss or expenses, including, but not limited to, lost profits and attorneys' fees, caused by the acts or omissions of any livestock attendant provided by the shipper. The attendant will be furnished meals and quarters during the voyage at a separate charge of $350. Such quarters may not be occupied prior to vessel departure from the loading port, must be kept clean during the voyage, and must be vacated in a clean condition prior to docking on arrival at port of discharge.

NOTE 7: MNC will make potable water available each day at sea for use by livestock attendants in the quantity of 400 gallons per day per container. All other equipment or supplies necessary for tending of livestock enroute is the responsiblity of shipper.

D 1507

For explanation of abbreviations and reference marks, see Page 26

MASTER FILE

CANCELLED

| MATSON NAVIGATION COMPANY, INC. | ORIGINAL/REVISED | PAGE |
|---|---|---|
| | 43rd Revised | 116 |
| FREIGHT TARIFF 14-F, STB MATS NO. 34 | CANCELS | PAGE |
| | 42nd Revised | 116 |

| FROM: PACIFIC COAST PORTS | TO: HAWAII PORTS | ISSUE DATE | EFFECTIVE DATE |
|---|---|---|---|
| | | April 21, 1998 | April 23, 1998 |
| | | CORRECTION NO. | 2559 |

SECTION 3 - COMMODITY RATES IN DOLLARS PER CONTAINER
(Except as otherwise provided)

ITEM NO.

LIVESTOCK, NOS - continued

1231 (cont'd.)

NOTE 4: The transportation of livestock is also subject to the terms and conditions of bills of lading as contained in Matson Navigation Company, Inc. Freight Tariff No. 16-A, FMC-F No. 22, supplements thereto or reissues thereof, particularly paragraph 25 therein.

NOTE 5: Freight charges on livestock must be prepaid or guaranteed.

NOTE 6: Subject to availability of suitable quarters, a shipper of livestock under this item may provide an attendant. Shipper of weaner calves under this item must provide livestock attendant(s).

A maximum of two livestock attendants can be carried per voyage, and will be assigned to the first shipper(s) requesting accommodations. Subsequent requests for that voyage will be declined; however, carrier will identify to those requesting space the name of the shipper(s) holding space for attendant(s) on that particular voyage. Any agreement among shippers concerning the attendant is solely the responsibility of the shippers involved, and the responsibility for compliance with these provisions and the the charges herein remains that of the shipper(s) initially booking the space for the attendant(s).

If for any reason carrier must cancel the booking for an attendant, not less than 12 hours notice of such cancellation will be provided.

If for any reason the attendant requires assistance while on board, carrier will provide an employee, if available, at a charge of $21.33 per man per hour or fraction thereof.

Livestock attendants must comply with Matson rules and regulations governing their conduct and duties while in Matson yards or on Matson vessels.

The attendant will be furnished meals and quarters during the voyage at a separate charge of $350. Such quarters may not be occupied prior to vessel departure from the loading port, must be kept clean during the voyage, and must be vacated in a clean condition prior to docking on arrival at port of discharge.

NOTE 7: MNC will make potable water available each day at sea for use by livestock attendants in the quantity of 400 gallons per day per container. All other equipment or supplies necessary for tending of livestock enroute is the responsiblity of shipper.

NOTE 8: [C] As an exception to paragraph 24(c), Definition of Technical Terms, when the final destination of a container is Kahului, the container may be stopped in transit in Honolulu for the express purpose of safeguarding the health of the animals subject to the conditions set forth in this Note.

(a) The shipping document must describe by number the container which will be stopped in transit at Honolulu. The name of the intermediate consignee authorized to pick up the container at the Honolulu CY must be shown.

(b) The loading of any other cargo into the transited container at Honolulu is prohibited. Carrier will assume no responsibility for cargo transited under this Note beyond that which it assumes for the carriage of containers moving under Shipper Load & Count provisions of Rule 25.

(c) This note expires with May 4, 1998.

D 1508

MASTER FILE

| MATSON NAVIGATION COMPANY, INC. | ORIGINAL/REVISED | PAGE |
|---|---|---|
| FREIGHT TARIFF 14-F, STB MATS NO. 34 | 42nd Revised | 116 |
| | CANCELS | PAGE |
| | 41st Revised | 116 |

| FROM: PACIFIC COAST PORTS | TO: HAWAII PORTS | ISSUE DATE | EFFECTIVE DATE |
|---|---|---|---|
| | | March 26, 1998 | April 2, 1998 |
| | | CORRECTION NO. | 2550 |

CANCELLED

SECTION 3 - COMMODITY RATES IN DOLLARS PER CONTAINER
(Except as otherwise provided)

ITEM NO.

LIVESTOCK, NOS - continued

1231 (cont'd.)

NOTE 4: The transportation of livestock is also subject to the terms and conditions of bills of lading as contained in Matson Navigation Company, Inc. Freight Tariff No. 16-A, FMC-F No. 22, supplements thereto or reissues thereof, particularly paragraph 25 therein.

NOTE 5: Freight charges on livestock must be prepaid or guaranteed.

NOTE 6: Subject to availability of suitable quarters, a shipper of livestock under this item may provide an attendant. Shipper of weaner calves under this item must provide livestock attendant(s).

A maximum of two livestock attendants can be carried per voyage, and will be assigned to the first shipper(s) requesting accommodations. Subsequent requests for that voyage will be declined; however, carrier will identify to those requesting space the name of the shipper(s) holding space for attendant(s) on that particular voyage. Any agreement among shippers concerning the attendant is solely the responsibility of the shippers involved, and the responsibility for compliance with these provisions and the the charges herein remains that of the shipper(s) initially booking the space for the attendant(s).

If for any reason carrier must cancel the booking for an attendant, not less than 12 hours notice of such cancellation will be provided.

If for any reason the attendant requires assistance while on board, carrier will provide an employee, if available, at a charge of $21.33 per man per hour or fraction thereof.

Livestock attendants must comply with Matson rules and regulations governing their conduct and duties while in Matson yards or on Matson vessels.

The attendant will be furnished meals and quarters during the voyage at a separate charge of $350. Such quarters may not be occupied prior to vessel departure from the loading port, must be kept clean during the voyage, and must be vacated in a clean condition prior to docking on arrival at port of discharge.

NOTE 7: MNC will make potable water available each day at sea for use by livestock attendants in the quantity of 400 gallons per day per container. All other equipment or supplies necessary for tending of livestock enroute is the responsiblity of shipper.

NOTE 8: [C] [R] As an exception to paragraph 24(c), Definition of Technical Terms, when the final destination of a container is Kahului, the container may be stopped in transit in Honolulu for the express purpose of safeguarding the health of the animals subject to the conditions set forth in this Note.

(a) The shipping document must describe by number the container which will be stopped in transit at Honolulu. The name of the intermediate consignee authorized to pick up the container at the Honolulu CY must be shown.

(b) The loading of any other cargo into the transited container at Honolulu is prohibited. Carrier will assume no responsibility for cargo transited under this Note beyond that which it assumes for the carriage of containers moving under Shipper Load & Count provisions of Rule 25.

(c) This note expires with April 4, 1998.

D 1509

MASTER FILE

CANCELLED

| MATSON NAVIGATION COMPANY, INC. | ORIGINAL/REVISED | PAGE |
|---|---|---|
| FREIGHT TARIFF 14-F, STB MATS NO. 34 | 41st Revised | 116 |
| | CANCELS | PAGE |
| | 40th Revised | 116 |
| FROM: PACIFIC COAST PORTS TO: HAWAII PORTS | ISSUE DATE: March 19, 1998 | EFFECTIVE DATE: March 26, 1998 |
| | CORRECTION NO. | 2548 |

SECTION 3 - COMMODITY RATES IN DOLLARS PER CONTAINER
(Except as otherwise provided)

ITEM NO. 1231 (cont'd.)

LIVESTOCK, NOS - continued

NOTE 4: The transportation of livestock is also subject to the terms and conditions of bills of lading as contained in Matson Navigation Company, Inc. Freight Tariff No. 16-A, FMC-F No. 22, supplements thereto or reissues thereof, particularly paragraph 25 therein.

NOTE 5: Freight charges on livestock must be prepaid or guaranteed.

NOTE 6: Subject to availability of suitable quarters, a shipper of livestock under this item may provide an attendant. Shipper of weaner calves under this item must provide livestock attendant(s).

A maximum of two livestock attendants can be carried per voyage, and will be assigned to the first shipper(s) requesting accommodations. Subsequent requests for that voyage will be declined; however, carrier will identify to those requesting space the name of the shipper(s) holding space for attendant(s) on that particular voyage. Any agreement among shippers concerning the attendant is solely the responsibility of the shippers involved, and the responsibility for compliance with these provisions and the the charges herein remains that of the shipper(s) initially booking the space for the attendant(s).

If for any reason carrier must cancel the booking for an attendant, not less than 12 hours notice of such cancellation will be provided.

If for any reason the attendant requires assistance while on board, carrier will provide an employee, if available, at a charge of $21.33 per man per hour or fraction thereof.

Livestock attendants must comply with Matson rules and regulations governing their conduct and duties while in Matson yards or on Matson vessels.

The attendant will be furnished meals and quarters during the voyage at a separate charge of $350. Such quarters may not be occupied prior to vessel departure from the loading port, must be kept clean during the voyage, and must be vacated in a clean condition prior to docking on arrival at port of discharge.

NOTE 7: MNC will make potable water available each day at sea for use by livestock attendants in the quantity of 400 gallons per day per container. All other equipment or supplies necessary for tending of livestock enroute is the responsiblity of shipper.

NOTE 8: [C] [R] As an exception to paragraph 24(c), Definition of Technical Terms, when the final destination of a container is Kahului, the container may be stopped in transit in Honolulu for the express purpose of safeguarding the health of the animals subject to the conditions set forth in this Note.

(a) The shipping document must describe by number the container which will be stopped in transit at Honolulu. The name of the intermediate consignee authorized to pick up the container at the Honolulu CY must be shown.

(b) The loading of any other cargo into the transited container at Honolulu is prohibited. Carrier will assume no responsibility for cargo transited under this Note beyond that which it assumes for the carriage of containers moving under Shipper Load & Count provisions of Rule 25.

(c) This note expires with March 28, 1998.

D 1510

MASTER FILE

CANCELLED

| MATSON NAVIGATION COMPANY, INC. | ORIGINAL/REVISED | PAGE |
|---|---|---|
| | 40th Revised | 116 |
| FREIGHT TARIFF 14-F, STB MATS NO. 34 | CANCELS | PAGE |
| | 39th Revised | 116 |

| FROM: PACIFIC COAST PORTS | TO: HAWAII PORTS | ISSUE DATE | EFFECTIVE DATE |
|---|---|---|---|
| | | March 3, 1998 | March 5, 1998 |
| | | CORRECTION NO. | 2537 |

SECTION 3 - COMMODITY RATES IN DOLLARS PER CONTAINER
(Except as otherwise provided)

ITEM NO.

LIVESTOCK, NOS - continued

1231 (cont'd.)

NOTE 4: The transportation of livestock is also subject to the terms and conditions of bills of lading as contained in Matson Navigation Company, Inc. Freight Tariff No. 16-A, FMC-F No. 22, supplements thereto or reissues thereof, particularly paragraph 25 therein.

NOTE 5: Freight charges on livestock must be prepaid or guaranteed.

NOTE 6: Subject to availability of suitable quarters, a shipper of livestock under this item may provide an attendant. Shipper of weaner calves under this item must provide livestock attendant(s).

A maximum of two livestock attendants can be carried per voyage, and will be assigned to the first shipper(s) requesting accommodations. Subsequent requests for that voyage will be declined; however, carrier will identify to those requesting space the name of the shipper(s) holding space for attendant(s) on that particular voyage. Any agreement among shippers concerning the attendant is solely the responsibility of the shippers involved, and the responsibility for compliance with these provisions and the the charges herein remains that of the shipper(s) initially booking the space for the attendant(s).

If for any reason carrier must cancel the booking for an attendant, not less than 12 hours notice of such cancellation will be provided.

If for any reason the attendant requires assistance while on board, carrier will provide an employee, if available, at a charge of $21.33 per man per hour or fraction thereof.

Livestock attendants must comply with Matson rules and regulations governing their conduct and duties while in Matson yards or on Matson vessels.

The attendant will be furnished meals and quarters during the voyage at a separate charge of $350. Such quarters may not be occupied prior to vessel departure from the loading port, must be kept clean during the voyage, and must be vacated in a clean condition prior to docking on arrival at port of discharge.

NOTE 7: MNC will make potable water available each day at sea for use by livestock attendants in the quantity of 400 gallons per day per container. All other equipment or supplies necessary for tending of livestock enroute is the responsiblity of shipper.

NOTE 8: [C] [R] As an exception to paragraph 24(c), Definition of Technical Terms, when the final destination of a container is Kahului, the container may be stopped in transit in Honolulu for the express purpose of safeguarding the health of the animals subject to the conditions set forth in this Note.

(a) The shipping document must describe by number the container which will be stopped in transit at Honolulu. The name of the intermediate consignee authorized to pick up the container at the Honolulu CY must be shown.

(b) The loading of any other cargo into the transited container at Honolulu is prohibited. Carrier will assume no responsibility for cargo transited under this Note beyond that which it assumes for the carriage of containers moving under Shipper Load & Count provisions of Rule 25.

(c) This note expires with March 7, 1998.

D 1511