# United States District Court

**ORIGINAL**

DISTRICT OF **HAWAII**

BERT MEYER,

           Plaintiff,

V.

MATSON NAVIGATION COMPANY, INC., and
PACIFIC LIVESTOCK, INC.,

           Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: CV 04-00049 JMS - BMK

(In Admiralty)

TO: Custodian of Longshore Records of
    MATSON TERMINALS, INC.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Law Office of Richard K. Griffith<br>2302 Makai Tower, 733 Bishop Street<br>Honolulu, Hawaii | April 26, 2006<br>1:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | March 21, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER   (310) 832-5315
Preston Easley, Esq.
2500 Via Cabrillo Marina, Ste. 106
San Pedro, CA 90731

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

**ORIGINAL**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/28/06 1:20 pm. | Pier 51 B Hon, Hi. 96819 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| John Robinette, Claims Manager | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Johnathan L. Vance | Civil Deputy |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  3/28/06
            DATE

SIGNATURE OF SERVER

1050 Bishop St. Hon, Hi. 96813
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

1. All stevedoring logs, time sheets, and gang lists for longshore work done aboard the S/S LIHUE on October 1, 2002.

2. All accident reports; all documents pertaining to accident investigations; all photographs, and all witness statements pertaining to Bert Meyer's October 1, 2002 accident aboard the S/S LIHUE.

PRESTON EASLEY, ESQ./Cal State Bar No. 108347
LAW OFFICES OF PRESTON EASLEY
2500 Via Cabrillo Marina, Suite 106
San Pedro, California 90731-7724
Telephone: (310) 832-5315
Facsimile: (310) 832-7730

ATTORNEY FOR: Plaintiff
              BERT MEYER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER, ) | Civil No.: 04-00049 JMS-BMK |
| ) | (In Admiralty) |
| Plaintiff, ) | |
| v. ) | NOTICE OF DEPOSITION OF CUSTODIAN OF LONGSHORE RECORDS OF MATSON TERMINALS, INC. |
| MATSON NAVIGATION ) COMPANY, INC., and ) PACIFIC LIVESTOCK, INC., ) | Date: April 26, 2006 Time: 1:00 p.m. |
| Defendants. ) | Place: Law Office of Richard K. Griffith 2302 Makai Tower, 733 Bishop St. Honolulu, Hawaii |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that plaintiff BERT MEYER will take the

deposition of Custodian of the Longshore Records of MATSON TERMINALS, INC. on

April 26, 2006, at 1:00 p.m., at the Law Office of Richard K. Griffith, located at 2302

Makai Tower, 733 Bishop Street, Honolulu, Hawaii.

Said deposition will be taken upon oral examination before a Certified Court Reporter in and for the State of Hawaii, and will continue from day to day until completed, Sundays and holidays excepted.

In lieu of the above-described oral examination, the Custodian of Records will be invited to mail the records to Preston Easley, Esq., 2500 Via Cabrillo Marina, Suite 106, San Pedro, California 90731, therefore no appearance is expected. The records will be opened and marked for identification in our offices on or about the date of the deposition by an employee of this law firm and copies will be made for those parties requesting them.

## RECORDS TO BE PRODUCED

1. All stevedoring logs, time sheets and gang lists for longshore work done aboard the S/S LIHUE on October 1, 2002.

2. All accident reports; all documents pertaining to accident investigations; all photographs, and all witness statements pertaining to Bert Meyer's October 1, 2002 accident aboard the S/S LIHUE.

Dated: March 21, 2006

_____
PRESTON EASLEY
Attorney for Plaintiff
BERT MEYER

2

PRESTON EASLEY, ESQ./Cal. State Bar No.: 108347
LAW OFFICES OF PRESTON EASLEY
2500 Via Cabrillo Marina, Suite 106
San Pedro, California 90731
Telephone: (310) 832-5315
Facsimile: (310) 832-7730

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERT MEYER, | Civil No.: CV 04-00049 JMS-BMK |
| Plaintiff, | (In Admiralty) |
| v. | CERTIFICATE OF SERVICE RE SUBPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF LONGSHORE RECORDS OF MATSON TERMINALS, INC. |
| MATSON NAVIGATION COMPANY, INC.; and PACIFIC LIVESTOCK, INC., | |
| Defendants. | |

CERTIFICATE OF SERVICE
RE SUBPOENA IN A CIVIL CASE; NOTICE OF
LONGSHORE RECORDS OF MATSON TERMINALS, INC.

I hereby certify that on this date copies of SUBPOENA IN A CIVIL CASE;

NOTICE OF LONGSHORE RECORDS OF MATSON TERMINALS, INC. were

duly served upon the following in the manner indicated below, addressed as follows:

|  | Mailed | Delivered | Via Facsimile |
|---|---|---|---|
| John R. Lacy, Esq.<br>Randolf L.M. Baldemor, Esq.<br>GOODSILL ANDERSON<br>QUINN & STIFEL<br>Alii Place, Suite 1800<br>1099 Alakea Street<br>Honolulu, HI 96813<br><br>Attorneys for Defendant<br>MATSON NAVIGATION<br>COMPANY, INC. | X |  |  |
| Thomas Irons, Esq.<br>HUGHES & TAOSAKA<br>1001 Bishop St., Suite 900<br>Pauahi Tower<br>Honolulu, HI 96813<br><br>Attorneys for Defendant<br>PACIFIC LIVESTOCK, INC. | X |  |  |
| Pacific Reporting Services<br>Unlimited<br>733 Bishop Street<br>Makai Tower, Suite 1470<br>Honolulu, HI 96813 | X |  |  |

Dated: March 21, 2006

_Patti Bannon_
Patti Bannon