PRESTON EASLEY, ESQ./Cal State Bar No. 108347
LAW OFFICES OF PRESTON EASLEY
2500 Via Cabrillo Marina, Suite 106
San Pedro, California  90731-7724
Telephone:  (310) 832-5315
Facsimile:  (310) 832-7730

ATTORNEY FOR:  Plaintiff
                        BERT MEYER


# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII


| | |
|---|---|
| BERT MEYER, ) | Civil No.:  CV 04 00049 JMS-BMK |
| ) | (In Admiralty) |
| Plaintiff, ) | |
| ) | PLAINTIFF'S RESPONSE TO |
| v. ) | DEFENDANT MATSON |
| ) | NAVIGATION COMPANY, INC.'S |
| MATSON NAVIGATION ) | REQUEST FOR ADMISSION |
| COMPANY, INC.; and ) | |
| PACIFIC LIVESTOCK, INC., ) | |
| ) | |
| Defendants. ) | |


**REQUEST FOR ADMISSION NO. 1:** With regard to the voyage, the

chief mate inspected all rows of the ship prior to the S/S LIHUE's arrival in

Honolulu.


# EXHIBIT "A"

**RESPONSE TO NO. 1:**

Objection. Plaintiff does not have sufficient information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 2:** On the date of the accident, other longshoreworkers had worked along rows 15 and 16 and did not get injured.

**RESPONSE TO NO. 2:**

Objection. Plaintiff does not have sufficient information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 3:** Prior to the accident, Bert Meyer never informed any Matson Navigation Company employee about safety hazards presented by the presence of animal urine and feces on the deck gratings.

**RESPONSE TO NO. 3:**

Admit.

**REQUEST FOR ADMISSION NO. 4:** Prior to the date of the accident, Bert Meyer never complained to any Matson Navigation Company employee about safety hazards presented by the gap between the inshore side of the hatchcover and the lashing platform between rows 15 and 16 in which he allegedly fell.

**RESPONSE TO NO. 4:**

Admit.

2

**REQUEST FOR ADMISSION NO. 5:** Bert Meyer never spoke with anyone from his union with regard to safety hazards presented by the presence of animal urine and feces on the deck gratings.

**RESPONSE TO NO. 5:**

Admit.

**REQUEST FOR ADMISSION NO. 6:** Prior to the date of the accident, Bert Meyer had fallen on animal feces.

**RESPONSE TO NO. 6:**

Admit.

**REQUEST FOR ADMISSION NO. 7:** Excluding the accident, Bert Meyer had previously fallen on the deck grating due to slipping on animal urine and feces.

**RESPONSE TO NO. 7:**

Admit.

**REQUEST FOR ADMISSION NO. 8:** Bert Meyer never told any Matson Terminals employee that he would not work on the S/S LIHUE unless animal urine and feces was cleaned up first.

**RESPONSE TO NO. 8:**

Admit.

**REQUEST FOR ADMISSION NO. 9:**  The accident occurred between rows 15 and 16 aboard the S/S LIHUE.

**RESPONSE TO NO. 9:**

Admit.

**REQUEST FOR ADMISSION NO. 10:**  Livestock containers are normally stored on row 16 of the S/S LIHUE.

**RESPONSE TO NO. 10:**

Admit.

**REQUEST FOR ADMISSION NO. 11:**  Bert Meyer had worked on rows 15 and 16 of the S/S LIHUE prior to the date of the accident.

**RESPONSE TO NO. 11:**

Admit.

**REQUEST FOR ADMISSION NO. 12:**  Prior to the date of the accident, Bert Meyer had worked on the S/S LIHUE when containers carrying pigs were being shipped.

**RESPONSE TO NO. 12:**

Admit.

**REQUEST FOR ADMISSION NO. 13:**  Prior to the date of the accident, Bert Meyer had worked in the accident area.

4

**RESPONSE TO NO. 13:**

Admit.

**REQUEST FOR ADMISSION NO. 14:** Prior to the date of the accident, Bert Meyer had noticed the opening in the deck where the accident occurred.

**RESPONSE TO NO. 14:**

Admit.

**REQUEST FOR ADMISSION NO. 15:** On October 17, 2002, Bert Meyer admitted to Heidi Kahlbaum of Frank Gates Acclaim that "it's nobodies fault".

**RESPONSE TO NO. 15:**

Objection. Calls for a legal conclusion. Plaintiff told Heidi Kahlbaum that "it's nobodies fault." Whether this constitutes an admission is a question of law to be decided by the Court.

**REQUEST FOR ADMISSION NO. 16:** On October 17, 2002, Bert Meyer admitted to Heidi Kahlbaum of Frank Gates Acclaim that "[t]here's no way to point fingers" for the accident.

**RESPONSE TO NO. 16:**

Objection. Calls for a legal conclusion. Plaintiff told Heidi Kahlbaum that "There's no way to point fingers." Whether this constitutes an admission is a question of law to be decided by the Court.

**REQUEST FOR ADMISSION NO. 17:**  At the time of the accident, the weather was clear.

**RESPONSE TO NO. 17:**

Admit.

**REQUEST FOR ADMISSION NO. 18:**  At the time of the accident, the sun had not set.

**RESPONSE TO NO. 18:**

Admit.

**REQUEST FOR ADMISSION NO. 19:**  At the time of the accident the lights were on in the area where Pacific Livestock's cargo was located.

**RESPONSE TO NO. 19:**

Deny.

**REQUEST FOR ADMISSION NO. 20:**  At the time of the accident, Bert Meyer had no problems seeing the grating of the deck.

**RESPONSE TO NO. 20:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**  At the time of the accident, the light was sufficient for Bert Meyer to see the padeye.

**RESPONSE TO NO. 21:**

Admit.

**REQUEST FOR ADMISSION NO. 22:** Prior to the accident, while boarding the S/S LIHUE, Bert Meyer observed that animal urine and feces were all over everything.

**RESPONSE TO NO. 22:**

Deny.

**REQUEST FOR ADMISSION NO. 23:** Prior to the accident, Bert Meyer did not ask anyone to clean up the animal urine and feces on the S/S LIHUE.

**RESPONSE TO NO. 23:**

Admit.

**REQUEST FOR ADMISSION NO. 24:** Despite seeing animal feces and urine in the area of the accident, Bert Meyer did not ask the animal tender to clean the area.

**RESPONSE TO NO. 24:**

Admit.

**REQUEST FOR ADMISSION NO. 25:** Prior to the moment Bert Meyer alleges he slipped and fell, he felt his foot slipping and wobbling on the padeye.

**RESPONSE TO NO. 25:**

Admit.

**REQUEST FOR ADMISSION NO. 26:** The Code of Safe Working Practice for Merchant Seamen does not govern United States vessels.

**RESPONSE TO NO. 26:**

Admit.

**REQUEST FOR ADMISSION NO. 27:** Prior to the date of the accident, Matson Navigation received no complaints regarding gaps between the gratings and the hatch covers on the S/S LIHUE.

**RESPONSE TO NO. 27:**

Objection.  Plaintiff does not have sufficient information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 28:** Prior to the date of the accident, Matson Navigation did not consider gaps between the gratings and the hatch covers on the S/S LIHUE to be safety hazards.

**RESPONSE TO NO. 28:**

Objection.  Plaintiff does not have sufficient information to admit or deny this request; calls for speculation.

**REQUEST FOR ADMISSION NO. 29:** The gaps between the gratings and the hatch covers on the S/S LIHUE were never the subject of a Matson Navigation Company nonconformity report.

**RESPONSE TO NO. 29:**

Objection.  Plaintiff does not have sufficient information to admit or deny this request.

8

**REQUEST FOR ADMISSION NO. 30:** On the day of, but prior to, the accident, the S/S LIHUE was inspected by Matson Navigation and Matson Terminals employees and no safety hazards were noted.

**RESPONSE TO NO. 30:**

Objection. Plaintiff does not have sufficient information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 31:** On the date of the accident, the livestock tenders were provided with two fire hydrants and wash-down hoses to wash down animal urine and feces on the deck.

**RESPONSE TO NO. 31:**

Objection. Plaintiff does not have sufficient information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 32:** At the time of the accident, Bert Meyer was an experienced longshoreworker.

**RESPONSE TO NO. 32:**

Admit.

**REQUEST FOR ADMISSION NO. 33:** Prior to the date of the accident, Bert Meyer had unlocked "cones" on the S/S LIHUE.

**RESPONSE TO NO. 33:**

Admit.

**REQUEST FOR ADMISSION NO. 34:** The S/S LIHUE had paper towels available on the date of the accident.

**RESPONSE TO NO. 34:**

Objection. Plaintiff does not have sufficient information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 35:** The S/S LIHUE had paper napkins available on the date of the accident.

**RESPONSE TO NO. 35:**

Objection. Plaintiff does not have sufficient information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 36:** The S/S LIHUE had absorbent available on the deck of the S/S LIHUE on the date of the accident that could have remedied any slippery conditions.

**RESPONSE TO NO. 36:**

Objection. Plaintiff does not have sufficient information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 37:** The S/S LIHUE had towels available on the date of the accident.

**RESPONSE TO NO. 37:**

Objection. Plaintiff does not have sufficient information to admit or deny

this request.

**REQUEST FOR ADMISSION NO. 38:** At the time he slipped, Bert

Meyer's foot was on a padeye.

**RESPONSE TO NO. 38:**

Admit.

**REQUEST FOR ADMISSION NO. 39:** The padeye upon which Bert

Meyer slipped was not located along the walking surface of rows 15 and 16.

**RESPONSE TO NO. 39:**

Deny.

**REQUEST FOR ADMISSION NO. 40:** The padeye upon which Bert

Meyer slipped is raised off the deck.

**RESPONSE TO NO. 40:**

Admit.

**REQUEST FOR ADMISSION NO. 41:** Bert Meyer was not wearing fall

protection at the time of the accident.

**RESPONSE TO NO. 41:**

Admit.

**REQUEST FOR ADMISSION NO. 42:**  At the time the accident occurred, the S/S LIHUE had been turned over to Matson Terminals.

**RESPONSE TO NO. 42:**

Admit.

**REQUEST FOR ADMISSION NO. 43:**  With regard to the accident occurring on October 1, 2002, Matson Navigation exercised ordinary care to have the ship and its equipment in a condition that an expert and experienced longshoreworker could carry on cargo operations with reasonable safety.

**RESPONSE TO NO. 43:**

Deny.

**REQUEST FOR ADMISSION NO. 44:**  Matson Navigation and Matson Terminals, Inc. are legally distinct entities.

**RESPONSE TO NO. 44:**

Objection.  Calls for a legal conclusion and plaintiff does not have sufficient information to admit or deny this request.

**REQUEST FOR ADMISSION NO. 45:**  At the time of the accident in question, Matson Terminals was the stevedore who was responsible for off-loading cargo from the S/S LIHUE.

**RESPONSE TO NO. 45:**

Admit.

**REQUEST FOR ADMISSION NO. 46:** Attached as Exhibit "A" is a true and correct copy of portions of a tape recorded interview of Bert Meyer taken by Heidi Kahlbaum on October 17, 2002.

**RESPONSE TO NO. 46:**

Admit.

**REQUEST FOR ADMISSION NO. 47:** Exhibit "A" is admissible into evidence.

**RESPONSE TO NO. 47:**

Objection.  Calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 48:** Attached as Exhibit "B" is a true and correct copy of portions of a transcript of a tape recorded interview of Bert Meyer taken by Heidi Kahlbaum on October 17, 2002.

**RESPONSE TO NO. 48:**

Admit.

**REQUEST FOR ADMISSIONS NO. 49:** Exhibit "B" is admissible into evidence.

**RESPONSE TO NO. 49:**

Objection.  Calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 50:** Attached as Exhibit "C" is a true and correct copy of a Vessel Safety Inspection Report prepared on October 1, 2002.

**RESPONSE TO NO. 50:**

Objection. Plaintiff does not have sufficient information to admit or deny this request.

**REQUEST FOR ADMISSIONS NO. 51:** Exhibit "C" is admissible into evidence.

**RESPONSE TO NO. 51:**

Objection. Plaintiff does not have sufficient information to admit or deny this request; calls for a legal conclusion.

**REQUEST FOR ADMISSIONS NO. 52:** Attached as Exhibit "D" is a true and correct copy of Matson Navigation Company Policy Number E-01-040.

**RESPONSE TO NO. 52:**

Objection. Plaintiff does not have sufficient information to admit or deny this request.

**REQUEST FOR ADMISSIONS NO. 53:** Exhibit "D" is admissible into evidence.

14

**RESPONSE TO NO. 53:**

Objection.  Plaintiff does not have sufficient information to admit or deny

this request; calls for a legal conclusion.


Dated: March 20, 2006

_____
PRESTON EASLEY
Attorney for Plaintiff
BERT MEYER

15

## VERIFICATION

STATE OF HAWAII                          )
                                         )    SS.
CITY & COUNTY OF HONOLULU                )

I am the_____Plaintiff_____

in the above entitled action or proceeding; I have read the foregoing Plaintiff's Response

to Defendant Matson Navigation Company, Inc.'s Request for Admissions

and know the contents thereof; and I certify that the same is true of my own knowledge,

except as to those matters which are therein stated upon my information or belief, and as

to those matters I believe it to be true.

_____

_____

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on __March 20, 2006____    at ____Kapolei_____, Hawaii
             (date)                        (place)

                                    _____
                                              Signature
                                         Bert Meyer

PRESTON EASLEY, ESQ./Cal. State Bar No.: 108347
LAW OFFICES OF PRESTON EASLEY
2500 Via Cabrillo Marina, Suite 106
San Pedro, California 90731
Telephone:  (310) 832-5315
Facsimile:  (310) 832-7730

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BERT MEYER, | ) | Civil No.: CV 04-00049 JMS-BMK |
| | ) | |
| Plaintiff, | ) | (In Admiralty) |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE RE |
| | ) | PLAINTIFF'S RESPONSE TO |
| MATSON NAVIGATION | ) | DEFENDANT MATSON |
| COMPANY, INC.; and | ) | NAVIGATION CO., INC.'S |
| PACIFIC LIVESTOCK, INC., | ) | REQUEST FOR ADMISSIONS |
| | ) | |
| Defendants. | ) | |
| | ) | |

CERTIFICATE OF SERVICE
RE PLAINTIFF'S RESPONSE TO DEFENDANT MATSON
NAVIGATION CO., INC.'S REQUEST FOR ADMISSIONS

I hereby certify that on this date copies of PLAINTIFF'S RESPONSE TO

DEFENDANT MATSON NAVIGATION CO., INC.'S REQUEST FOR

ADMISSIONS were duly served upon the following in the manner indicated below, addressed as follows:

|  | Mailed | Delivered | Via Facsimile |
|---|---|---|---|
| John R. Lacy, Esq.<br>Randolf L.M. Baldemor, Esq.<br>GOODSILL ANDERSON<br>QUINN & STIFEL<br>Alii Place, Suite 1800<br>1099 Alakea Street<br>Honolulu, HI 96813<br><br>Attorneys for Defendant<br>MATSON NAVIGATION<br>COMPANY, INC. | X | | |
| Thomas Irons, Esq.<br>HUGHES & TAOSAKA<br>1001 Bishop St., Suite 900<br>Pauahi Tower<br>Honolulu, HI 96813<br><br>Attorneys for Defendant<br>PACIFIC LIVESTOCK, INC. | X | | |
| Bert Meyer<br>91-1023 Lipo Street<br>Kapolei, HI 96707 | X | | |

Dated:  March 20, 2006

_____
Patti Bannon